## In re PLATE'S WILL.

(Surrogate's Court, New York County.   January 12, 1916.)

1. WILLS ☞318—PROBATE PROCEEDINGS—FINDINGS OF JURY.

In view of the fact that the new Surrogates' Law, in Code Civ. Proc. §§ 2538, 2539, relating to trial by jury, fails to make findings of the jury conclusive upon the surrogate, and of the provision of section 2614, that in every probate proceeding it is the surrogate, not the jury, who shall be satisfied of the "genuineness of the will and the validity of its execution," the findings of a jury in contested probate proceedings are merely advisory.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 751–754; Dec. Dig. ☞318.]

2. WILLS ☞318—PROBATE PROCEEDINGS—APPLICATION FOR FRAMED ISSUES— DISCRETION—"FRAMED ISSUES."

Under Code Civ. Proc. 1914, § 2519, providing for written pleadings in the Surrogate's Court, and section 2540, providing that the trial shall proceed in the same manner as if it were had in the Supreme Court, and in view of the fact that the pertinent sections (sections 823, 970) do not make "framed issues," issues settled in advance of trial, indispensable in the Supreme Court in a probate cause, an application for an order for framed issues in a contest for probate proceedings may be granted or denied by the surrogate in his sound discretion, exercised with a careful consideration of the circumstances of the particular case.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 751–754; Dec. Dig. ☞318.]

3. WILLS ☞318—PROBATE PROCEEDINGS—FRAMED ISSUES—"ACTIONS."

General Rules of Practice, rule 31, providing for framed issues in "actions" in the Supreme Court, if extended to actions in the Surrogate's Court, does not apply to contested probate "proceedings" in that court.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 751–754; Dec. Dig. ☞318.

For other definitions, see Words and Phrases, First and Second Series, Action.]

4. WILLS ☞318—PROBATE PROCEEDINGS—FINDINGS OF JURY—"SPECIAL VERDICT"—"GENERAL VERDICT."

The findings of a jury in the Surrogate's Court are not a "general verdict," nor are they a "special verdict," in the sense of a finding of fact with a conclusion in the alternative.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 751–754; Dec. Dig. ☞318.

For other definitions, see Words and Phrases, First and Second Series, General Verdict; Special Verdict.]

5. JURY ☞66—SELECTION OF JURORS—NOTICE—CHALLENGE TO ARRAY—SUR- ROGATE'S COURT.

Where no special notice to the parties of the commissioners of jurors' selection of the jurors for the Surrogate's Court is given, as required by the new Surrogates' Law, a challenge to the array should be sustained.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 283–290, 306; Dec. Dig. ☞66.]

6. WILLS ☞318—CONTESTED PROBATE PROCEEDINGS—FRAMED ISSUES—NO- TICE.

Where the issues, in contested probate proceedings are framed in advance of trial, they should be framed and settled only on regular notice of settlement, as required by Code Civ. Proc. § 970, General Rules of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Practice, § 31, and Rules of Practice of the Surrogate's Court of New York County, rule No. 7.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 751–754; Dec. Dig. ⊕=318.]

Application for an order settling issues for trial by the surrogate and the common jury in a contested proceeding to probate the last will and testament of Christian Theodore Plate. Decision according to opinion.

K. Richard Wallach, of New York City, for executor.

Bennett, Werner & Nave, of New York City, for Frank Plate.

FOWLER, S. [1] This is an application for an order settling issues for trial by the surrogate and a common jury in a contested probate proceeding. Under the new Surrogates' Law of 1914 it has been the practice of this court to settle special findings in advance of the submission of evidence to the jury. It has been hitherto my individual practice in many cases to send such issues to the Supreme Court for trial, or else, with my colleague's consent, to remit them to the trial term of the court held by him. The Code gives me the choice and the right to send such issues to the Supreme Court, and those judges of the Appellate Division of this department whom I consulted upon the proper practice were of the opinion that this was the better and safer practice in all contested probates where juries were demanded. This course not only had the merit of greater certainty in the finality of the conclusions of the jury, but it entailed far less expense to the county than a trial in this court. It will be observed at this point that the new Surrogates' Law utterly fails to make the findings of the jury conclusive upon the surrogate when they are found in this court, but aliter when they are found by a jury in the Supreme Court (sections 2538, 2539, C. C. P.). It must also not be forgotten, when we consider the new probate practice, that the probate of a will is not yet made the function of a jury; it continues to be the exclusive function of the surrogate. To charge common juries with the probate of wills, would be the height of absurdity. For hundreds of years probate proceedings have been before judges of probate alone. Of course it is possible that the Legislature may ultimately be held to be permitted to ignore this ancient practice altogether; but thus far they have not ignored it in the new Surrogates' Law.

By way of illustration of the power of the Legislature let me point out that there is perhaps no constitutional reason why the county clerks and registers of deeds should not be required by the Legislature to submit the proof and validity of all conveyances to common juries before recording such deeds or conveyances. But thus far no legislation to that end seems to have been enacted. It might be urged that it would effect a great saving of time if the parties were invited to litigate the validity of all such deeds at the time they were recorded. It certainly would prove a great encouragement to litigation.

The surrogate is still the only officer authorized to probate wills in this state. The Code yet provides that in any and every probate proceeding it is the surrogate and not the jury who must be satisfied of the "genuineness of the will and the validity of its execution" (section

2614, C. C. P.). When the surrogate is not satisfied with the verdict of a jury rendered in this court upon issues submitted to them in a probate proceeding, it would be against all conscience and precedent for the surrogate to abdicate his most responsible functions and refuse to fulfill his sworn obligations out of deference to a bad verdict of a common jury. In common-law actions or in prosecutions for alleged crimes, according to the course of our common law, I have a profound respect for trial by jury. But a will contest in this court is not a common-law action. At common law no right of trial by jury existed on claims against the validity of testamentary dispositions or in any probate proceeding on testaments. A devise, on the other hand, was only submitted to a jury in ejectments or in some bills of right, or on a devisavit vel non issued out of chancery, and then only because at common law a devise was regarded as a deed of conveyance. The new Surrogates' Code of 1914 wisely fails to provide that the verdicts of juries in contested probates shall be binding on the surrogate unless such verdicts are found in the Supreme Court. This excellence of the new Surrogates' Code, I hope, was not an accident.

For the reasons stated, and many others not here expressed, I had determined not to employ juries in the Surrogate's Court in those probate proceedings coming before me. But I am so constantly urged and requested by many lawyers in this jurisdiction, for whom I entertain a profound respect, to take up, nolens volens, my share of the burdens of jury trials in this court, that I have reluctantly concluded that I ought to defer to this request.

As a preliminary to any employment of a jury by me in this court I have made a careful, although by no means exhaustive or profound study of the new Surrogates' Law regulating trials by jury in this court. The result is that I am amazed to find how many difficulties are to be overcome and how much careful consideration is necessary before, in my humble judgment, this new mode of trial in this court can be made either practical in operation or in the slightest degree useful to the community.

I have long apprehended that from the very beginning of a trial by the surrogate and a common jury, at least in any closely contested case of any real importance, there would be so many well-founded objections and grave doubts raised on the law and practice that their ultimate solution could only take place in the highest courts of the state. If this is accurate, the proceedings with juries in this court are likely for some long period to come to prove both irksome and expensive to capable and earnest litigants. But for this result I emphatically decline any share of the responsibility. I had no share in the preparation of the new Practice Act for this court.

[2] This matter now before me is an application for an order for framed issues in a contested probate proceeding. Whether in contested proceedings for probate, where a jury is demanded, it is always desirable in this court to frame special issues in advance of the trial by jury I have some doubt. The new Code of Civil Procedure (section 2519) now provides for written pleadings in this court. All issues of fact now arise on such pleadings, and it is by the tenor of the pleadings as

they stand at the date of trial that the issues of fact for the jury are to be determined. These issues, of course, may be as multiform as the pleadings. It is provided in the Code (section 2540) that the trial shall proceed in the same manner as if such trial were had in the Supreme Court. Now, there is no mandatory provision of the Code which makes framed issues indispensable in the Supreme Court on cases on wills or in a probate cause pending in this court .(sections 823, 970, C. C. P.).

Where there are written and verified pleadings (as there are in all probate proceedings) it would seem that a simple order of the surrogate, remitting the issues of fact arising on such pleadings to a regular jury session of this court, would be a substantial compliance with the new Surrogates' Law and better practice. But as the practice here has already come to be otherwise, the best mode of settlement of issues of fact in advance of a trial should, I think, be carefully considered in every case.

[3] It is true that rule 31 of the General Rules of Practice provides for framed issues in actions in the Supreme Court. It may be that this rule will be held to extend here. In terms it does not apply to this court; but be this as it may, part of rule 31 has already disappeared by the declaration of the Court of Appeals that it was ultra vires. The balance of it is possibly open to the same criticism. In any event, rule 31 in terms applies only to "actions" and not to "proceedings" in this court.

[4] Whether answers by the jury to settled issues framed in this court are in a constitutional sense "trials by jury according to the course of common law" is, in my mind, another very debatable question. The finality of the answers of the jury to issues framed in a probate proceeding is yet another very debatable question which I have already alluded to, and which I reserve the right to consider more at large at the appropriate time. The findings of the jury in this court are not a general verdict, and not really a special verdict. A special verdict is a finding of fact with a conclusion in the alternative, which generally runs as follows:

"If upon these facts (before found) the law is for plaintiff, then we find for plaintiff, but if the law is for defendant, then we find for defendant."

A jury's answers to issues framed in a probate proceeding are certainly not a special verdict at least by the common law. They are simply "answers" by the jury to questions put to them by the surrogate. How far the surrogate is at liberty to disregard these answers in a probate proceeding is a very important question of the public law of this state yet to be decided. I have not seen this question referred to as yet in any reported cause. We must remember that the surrogate is still a paid judicial officer charged exclusively by the law with the probate of wills. How far this new Surrogates' Law interferes with the duties and obligations of the surrogate will soon have to be passed on by the courts, and there will be much grave consideration necessary before the questions involved can be wisely determined.

[5] A trial by jury begins with the panel or formation of the jury and ends only with its discharge by the trial judge after verdict rendered. The new Surrogates' Law requires special notice to the parties

of the commissioners of jurors' selection of the jurors for this court. Without such notice a challenge to the array would be fatal in my judgment.

A great objection to "framed issues" or issues settled in advance of trial of a contested probate is that it interferes with the trial judge's power to direct amendments at the trial. The modern statutes of "jeofails" (an important feature in all modern trials) have no strict application to orders for jury trials on settled issues of fact. If so, it may deprive the trial surrogate of the power to order proper amendments at the trial and thus prejudice the parties by delay or loss of valuable testimony.

[3] But if the issues in contested probate proceedings are to be framed in this court in advance of the trial, they ought to be so framed and settled, as I think, only on regular notice of settlement (section 970, C. C. P.; General Rule of Practice No. 31; rule No. 7 of Practice of Surrogate's Court for New York County). On the hearing the pleadings should be exhibited, counsel heard at length by the surrogate, and the surrogate should himself settle the issues of fact to be submitted to the jury. The framing of issues is a part of the trial in a contested probate and for the benefit of the surrogate, the exclusive judge of probate. The trial is not for the case and satisfaction of the parties. No stereotyped form of order for trial by jury can meet all cases on wills. Indeed, such forms will accurately suit but few individual cases. The issues settled in the case of Waterman v. Whitney, 11 N. Y. 158, 62 Am. Dec. 71, are, perhaps, fair examples of properly framed issues in cases on wills. But we should always take into consideration that the facts pleaded in that particular case may not correspond to the facts pleaded in any subsequent contest. In that event we cannot follow Whitney v. Waterman. That issues framed in the Waterman Case will appropriately and technically respond to all cases on other wills is not possible. The determination of the special issues for the jury I regard as part of the trial in every probate cause where a jury is demanded.

In any trial, certainly, in which I am to take a part in this court with a jury, I shall require the parties to come before me by their counsel on the settlement of their proposed jury issues, so that I may determine for myself, after argument of counsel, what form of issues, and also what issues I shall think proper to be submitted to the jury. I will not leave such matters to counsel alone.

Let counsel in this matter come before me on two days' cross-notice. They should bring with them their pleadings and proposed orders and notice of settling same, with proof of due service.