## In re VETTER'S WILL.

(Surrogate's· Court, New York County. April 10, 1916.)

1. TRIAL ⚖═59(2)—ORDER OF PROOF—DISCRETION.
   The order of proof at common law is always in the discretion of the trial judge presiding at jury trials.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 139, 140; Dec. Dig. ⚖═59(2).]

2. WILLS ⚖═322—PROBATE PROCEEDINGS—JURY TRIAL—ORDER OF PROOF.
   Some prescribed order of proof in contested probates conducted with juries is essential.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 762–765; Dec. Dig. ⚖═322.]

3. WILLS ⚖═312—PROBATE PROCEEDINGS—JURY TRIALS—PLEADINGS.
   The written pleadings in the Surrogate's Court have no part in the trial of contested probate proceedings carried on with the aid of a jury under the Surrogates' Law of 1914 (Laws 1914, c. 443), which directs that the issues framed for submission to the jury shall be in the shape of questions to be answered by the jury.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 739; Dec. Dig. ⚖═ 312.]

4. WILLS ⚖═320—PROBATE PROCEEDINGS—ORDER OF PROOF.
   Under the Surrogates' Law of 1914, there is no statute regulating the procedure or burden of proof in contested probates before juries, and the course of such a trial must rest largely in the discretion of the presiding surrogate.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 758–760; Dec. Dig. ⚖═320.]

5. WILLS ⚖═316(1)—CONTESTED PROBATE PROCEEDINGS—DIRECTION OF VERDICT.
   When, in a contested probate, there is no dispute or disproof of the due execution of the will propounded, the questions framed for the jury involving execution should not be submitted to the jury, without an unequivocal direction by the surrogate to answer them in the affirmative.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 742, 744, 746–749; Dec. Dig. ⚖═316(1).]

6. WILLS ⚖═327—CONTESTED PROBATE PROCEEDINGS—DIRECTION OF VERDICT.
   Any party to a contested probate proceeding has a right to ask for a direction for a verdict, when the proof is altogether unilateral, and it would be fatal error to refuse the direction.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 773; Dec. Dig. ⚖═327.]

7. WILLS ⚖═318(3)—CONTESTED PROBATE PROCEEDINGS—CONCLUSIVENESS OF VERDICT.
   · Code Civ. Proc. § 2614, provides that before admitting a will to probate the surrogate must inquire particularly into all the facts and circumstances and be satisfied with the genuineness of the will and the validity of its execution. Section 970 provides that, where a party is entitled to a trial by jury of one or more issues of fact in certain actions, he may apply for an. order directing all questions arising upon those issues to be distinctly and plainly stated for trial accordingly, and that the subsequent proceedings are the same as. where questions arising upon the issues are stated for trial by a jury in a case where neither party can as of right require such a trial, except that the finding of the jury is conclusive unless the verdict is set aside or a new trial is granted. *Held*, that the answers of the jury to questions propounded to them in contested probate

proceedings are not conclusive on the surrogate when the trial is in the Surrogate's Court, as under section 2614 the surrogate must satisfy himself of the genuineness of the will and the validity of its execution, and the sections of the Surrogates' Law relating to the submission of issues to the jury are to be read in connection with section 2614, while section 970 cannot be incorporated by relation in the Surrogates' Law because it is inconsistent with section 2614.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 754; Dec. Dig. ☞ 318(3).]

8. STATUTES ☞205—CONSTRUCTION—GIVING EFFECT TO ENTIRE STATUTE.

All sections of an act are to be read together, and harmonized, if possible, and none of them can be construed disjunctively, abstracted from all the residue of the context, as if enacted separately, but all parts must be given effect, if possible.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 282; Dec. Dig. ☞205.]

Proceeding to prove the last will of Jacob Vetter. On motions for judgment on the findings of a jury and for a new trial. Motion for judgment granted, and motion for new trial denied. See, also, 158 N. Y. Supp. 449.

Lewis S. Goebel, of New York City, for proponents.
Low, Miller & Low, of New York City, for contestants.
Morris Blau, of New York City, for Herman Lips.

FOWLER, S. The motions for judgment on the findings of the jury and for a new trial having come on to be heard, pursuant to the practice indicated in Matter of Dorsey, 157 N. Y. Supp. 662, I have examined the record and find no error of substance.

[1-4] The order of proof and the conduct of the trial in this matter on the issues submitted to the jury under the new law regulating contested probate proceedings before juries was correct. The order of proof at common law is always in the discretion of the trial judge presiding at jury trials. The surrogate can have no less, no greater, or no different powers, I presume, in jury trials held in this court. In order that contested probates conducted with juries may not degenerate into unlicensed and irregular trials some prescribed order of proof is essential. Unfortunately there is no express precedent or law regulating trials in contested probate proceedings tried with juries. The nature of the issues to be submitted to the jury in conformity to the new law are in the form of questions. I have considered this point in Matter of Plate, 93 Misc. Rep. 423, 156 N. Y. Supp. 999, and until the new practice is passed on by the higher tribunals I shall continue to be guided by the reasons there stated. The pleadings in Surrogate's Courts by the Surrogates' Law seem to be merged in the questions directed to be submitted to the jury (Matter of Plate, 93 Misc. Rep. 423, 156 N. Y. Supp. 999; General Rules of Practice 31; rule 7, Surrogates' Court, N. Y. County; Matter of Eno, 157 N. Y. Supp. 553), and they do not figure on the trial of the contested probate proceeding before a jury. Contested probates carried on under the new Surrogates' Law of 1914, with the aid of a jury, thus

offer a singular anomaly to the course of the common law. The written pleadings in this court have no part in the trial. The issues framed for submission to the jury are directed to be in the shape of questions to be answered by the jury. The questions are, by the new law, made a substitute for pleadings.

There is now no statute regulating the procedure or burden of proof in contested probates before juries as was formerly the case under section 2653a (old Code of 1913). The course of such a trial must therefore rest largely in the discretion of the trial surrogate presiding at the trial term of this court in this county, where jury trials are most frequently demanded.. By reason of the omission in the new Surrogates' Law I have felt it incumbent on me to regulate the order of proof and the general procedure on the trial in contested probate proceedings with juries. I require the proponent of the will, after a brief opening on the part of counsel, pursuant to general rule 29, to proceed to prove the requirements exacted by the statute of wills for testamentary dispositions of property, and I limit strictly the cross-examination of the attesting witnesses to matter brought out on the direct examination. When the requirements of the statute of wills are proven the proponent ordinarily rests. If the will is not proved by proponent prima facie, the trial necessarily comes to an end. If the will is proved prima facie, then the contestant takes up the burden of proceeding farther. Contestant has first an opportunity to disprove factum if he can, and next to establish by proof the substance of his affirmative pleas, or rather the affirmative of the questions put at contestant's particular request to the jury, for, as I said, there are no pleadings in this court in jury trials in probate proceedings. When the contestant has rested, the proponent then offers his adminicular proofs, or his proofs in rebuttal, as the case may require. The burden of proof and the summing up I regulate as best I can according to the real right to the affirmative positions on the questions to be submitted to the jury. In this way some sort of order and method of trial is preserved. If there is any binding authority or precedent for this course indicated I have not found it, but it seems nevertheless to conform in some measure with the course of the common law, which, I take it, is a necessary adjunct to trials with juries held even in this court. Any other course than that indicated produces very bad results and may prove most unjust to the testamentary power in general. A haphazard and unregulated trial in a contested probate proceeding before a jury is full of danger to dispositions of property by last will and testament and should not be allowed.

[5, 6] Where there is no dispute or disproof of the due execution of the will propounded, the questions framed for the jury involving execution should never be submitted to the jury without an unequivocal direction by the surrogate to answer them in the affirmative. If there is no issue of fact on execution of the testamentary paper, to submit to the jury such questions, because there is another distinct issue for them, would be both illegal and confusing, and unnecessarily jeopardize the will propounded. I know of no judicial action

more in conflict with common-law principles than to submit to a jury some matter of which there is no disproof, or which is not really contested. Such an outrage upon legal order would call for summary vindication upon the part of some competent authority in any state based on law and order. If there is an affirmative issue of undue influence, for example, and no issue of last will and testament, the issue of undue influence should alone be left to the jury. Any other course is plain error under the established law, not only of this state, but of all other common-law states. It is the right of any party to a contested probate proceeding to ask for a direction for verdict by the surrogate when the proof is altogether unilateral, and it would be fatal error on the part of the surrogate to refuse the direction.

[7, 8] The answers of the jury to the questions propounded to them in contested probate proceedings are not made conclusive on the surrogate when the trial is in this court, as I showed in Matter of Eno, 157 N. Y. Supp. 553, and Matter of Plate, 93 Misc. Rep. 423, 156 N. Y. Supp. 999. The surrogate is still by the statute made solely responsible for the decree of probate. Section 2614, C. C. P. The new Surrogates' Law expressly reserves to the surrogate the duties and obligations of a probate judge. By the clear mandatory terms of the act he cannot admit any will to probate until he himself is "satisfied with the genuineness of the will, and the validity of its execution." Section 2614, C. C. P. This is the great and cardinal section of the new law in so far as it relates to probate proceedings in this court. Section 2614, C. C. P., cannot be brushed aside by implication, nor can it be minimized without a violation of all the principles of interpretation of acts of the Legislature. The sections relating to the submission of issues to the jury are to be read in connection with section 2614. All sections of an act are to be read together and harmonized, if possible. None of them can be construed disjunctively, abstracted from all the residue of the context of the act, as if enacted separately. Every legislative act must be read as a whole, and all parts given effect if possible. Allen v. Stevens, 161 N. Y. 122, 145, 55 N. E. 568; Clary v. Fitzgerald, 155 App. Div. 659, 664, 140 N. Y. Supp. 536. There is nothing in the Code which makes a verdict of a jury in a Surrogate's Court conclusive on the surrogate in a probate proceeding unless the trial is had in the Supreme Court. Section 970, C. C. P., refers only to actions and not to special proceedings, which a contested probate proceeding is. It cannot be incorporated by relation in the Surrogates' Law, because it is inconsistent with section 2614, C. C. P., which is jurisdictional and mandatory in all contested probates in this court. Matter of Plate, 93 Misc. Rep. 423, 156 N. Y. Supp. 999; Matter of Dorsey, 157 N. Y. Supp. 662; Matter of Eno, 157 N. Y. Supp. 553.

In this matter there was no error on the trial, and the motion for judgment on the findings of the jury must therefore be granted, and the motion for a new trial denied. The decree will provide for the probate of the will as a will of real and personal property.