FOWLER, S. This is a contested probate proceeding, and one of the contestants heretofore obtained an order for the examination of Lambert Suydam, Jr., before trial. A motion is now made to modify the said order, so as to provide that the referee's fees and other expenses of the said examination should be payable out of the estate of the decedent, and it is claimed that the court may direct that such expenses be paid by the temporary administrator. The power of the court to authorize payments by a temporary administrator is limited by the provisions of section 2597, Code Civ. Proc., and under that section the court cannot authorize the payment of the expenses in question. Estate of Marcellin, 25 Misc. Rep. 260, 55 N. Y. Supp. 425; Matter of Aaron, 5 Dem. Sur. 362.

The application should be denied.

---

(96 Misc. Rep. 397)

### In re GLEASON.

(Surrogate's Court, New York County. July 7, 1916.)

WILLS ⬧=318(3)—PROBATE PROCEEDINGS—DUTY OF SURROGATE.

    Though the Surrogates' Law of 1914 (Laws 1914, c. 443) makes jurors the judges of the facts in contested probate inquisitions, their verdict is not binding on the surrogate and does not relieve him of the requirement of Code Civ. Proc. § 2614, before admitting a will to probate, to inquire particularly into all the facts and circumstances and be satisfied with the genuineness of the will and the validity of its execution.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 754; Dec. Dig. ⬧= 318(3).]

In the matter of the estate of Mary Gleason, deceased. On cross-motions for judgment on the verdict and for a new trial. Motion for judgment of probate granted, and motion for new trial denied.

Elihu J. Zwilling, of New York City (Patrick A. McManus, of New York City, of counsel), for proponent.

J. L. Farrell, of New York City, for contestant.

FOWLER, S. This is a cross-motion for judgment on the verdict of a jury and for a new trial. But one question was left to the jury by the surrogate, viz., the capacity of the testatrix to testamentate. The jury answered this question in the affirmative, and as I myself would have answered it, had I been still constituted judge of the facts in all probate proceedings. In those contested probate inquisitions where jury trials are demanded "juratores sunt judices facti" by the new Surrogates' Law of 1914. When juries find verdicts according to the evidence, their verdicts, of course, must stand; otherwise not.

Under the new statute there is no provision which makes the verdict of a jury conclusive upon the surrogate in a contested probate proceeding. There is, in other words, no expression in the law which makes the verdict binding on the surrogate or relieves the surrogate from the paramount obligations of his office stated in section 2614, C. C. P. I went over this point fully in Re Vetter's Will, 158 N. Y.

Supp. 450. If the verdict here did not satisfy me, I consequently should not hesitate to set it aside and resubmit the question to another jury. I am aware that it is thought by some surrogates that the verdict of a jury is sufficient to relieve their consciences from the independent opinion made obligatory on all surrogates by section 2614, C. C. P. I know of no decision, however, where the point has been properly decided. It can only be decided when a surrogate shall feel it his conscientious duty to ignore the verdict of a jury and "suo motu" direct a further submission of the issue to another jury. On an appeal from that direction the point will ultimately have to be decided.

With due deference I may say that I am not impressed by the views of some surrogates that the verdict of a jury relieves them from the necessity of examining the propriety of the verdict, after the manner of the chancellors when verdicts were found upon a devisavit vel non issued out of chancery for trial by jury. By the letter of the new law we stand just where the chancellors stood with reference to verdicts of juries. They were not made binding on the chancellors. I believe the old chancery practice to be the proper practice for surrogates under the new law in contested probate proceedings aided by juries. All I can say is that, if the official consciences of other surrogates are constructively satisfied with any kind of verdicts rendered by juries in this court, mine is not. I rather regret that my official conscience cannot be so easily relieved of what I regard as a statutory obligation binding on me. Section 2614, C. C. P.

Motion for judgment of probate granted. The motion for a new trial is not tenable and is denied. Proceed accordingly.