In the Matter of the Probate of a Paper Purporting to Be the Last Will and Testament of THEODORE A. LORD, Deceased.

ANNA DI HUNSDON, as Administratrix with the Will Annexed, etc., and Others, Respondents; EUGENIE FERRER LORD, Appellant.

Second Department, February 9, 1917.

Will — probate — evidence as to marriage of petitioner with decedent — destruction of records by fire — inference that person solemnizing marriage was an official with authority.

In a proceeding for the probate of a will it appeared that the petitioner and the decedent were married at the City Hall in the city of San Francisco prior to the fire; that the marriage was solemnized by a person who appeared to be an official; that all records of marriages were destroyed at the time of the fire, and that it is impossible to produce documentary evidence of the marriage or the person who may have officiated.  A person testified that she attended, witnessed the ceremony, signed the

Second Department, February, 1917.    [Vol. 176.

certificate as a witness, as did another person, whom she saw there for the first time, and that the decedent took possession of the certificate.

*Held,* that, if the evidence be believed, it can be inferred that the person solemnizing the marriage was an official authorized to do so pursuant to the laws of the State of California.

APPEAL by Eugenie Ferrer Lord from a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 22d day of August, 1916, dismissing her petition and decreeing that she is not such a party in interest as to enable her to file objections to the probate of the will herein.

*Charles W. Sinnott,* for the appellant.

*Ralph Earl Prime, Jr.* [*Robert L. Luce* with him on the brief], for the respondents.

PER CURIAM:

There is evidence that the petitioner and the decedent Lord were married at the City Hall in the city of San Francisco in 1888, and that the marriage was solemnized by a person who appeared to be an official. All records of marriages were destroyed at the time of the fire, and it is impossible to produce documentary evidence of the marriage or judge or justice who may have officiated. A person testified that she attended, witnessed the ceremony, signed the certificate as a witness, as did another person, whom she saw there for the first time, and that Mr. Lord took possession of the certificate. There is other evidence that tends to show that the marriage took place. We decide that from the evidence, if it be credited, the surrogate could infer that the person officiating was an officer authorized to solemnize the marriage. The place was an usual one for the official solemnization of marriages, and it is not presumed that in the appropriate public office a person would, in the view of the authorities habitually in or about the place, with publicity usurp the prerogative and commit the parties to a false ceremony. Rather would the inference be that an official function would be exercised by an authorized official, and that what appeared to be an official act was performed by a genuine and qualified officer. There is evidence that tends

to show that the parties were not married, but were rather engaged to be married. It is understood that the surrogate limited his decision to a finding that it was not "proved by whom the ceremony was performed," that is, by what authorized officer. We intend merely to decide that, if the evidence be believed, it can be inferred that the person solemnizing the marriage was an official authorized to do so pursuant to the laws of the State of California. Even if it be within the power of this court to pass on the questions at this time, the value of a decision and findings by the surrogate on the facts is evident, and in that view the decree of the Surrogate's Court of Westchester county is reversed and a new trial of all issues of fact is ordered, with costs to the appellant payable from the estate.

JENKS, P. J., THOMAS, STAPLETON, MILLS and RICH, JJ., concurred.

Decree of the Surrogate's Court of Westchester county reversed, and a new trial of all issues of fact ordered, with costs to the appellant payable out of the estate.