Matter of the Final Account of the Administration of the Estate of JOHN J. SEYMOUR, Deceased.

(Surrogate's Court, Westchester County, June, 1920.)

Bill of particulars — when motion for, denied — accounting — marriage.

    The practice of moving for a bill of particulars in the Surrogate's Court should not be encouraged.

    Where upon the accounting of an administratrix a contested claim by her against the estate involves the question whether she was the wife and is now the widow of decedent, a motion by the next of kin for a bill of particulars as to when, where and how the marriage was solemnized, will be denied in the exercise of judicial discretion.

PROCEEDING upon the final accounting by an administratrix.

Strang & Taylor, for William Seymour.

Eugene F. McKinley, for administratrix.

SLATER, S.   Upon this accounting contention has arisen relating to the claim of the wife of decedent and involves the question whether or not she was the wife, and is now the widow of decedent.   The next of kin have asked for a bill of particulars as to when, where and how the marriage was solemnized.   The ordinary forms of pleadings in courts of law are foreign to this court.   Bills of particulars are sometimes granted, in the exercise of the discretion of the court, and when they relate to a claim for money.   It is not the province of the office of a bill of particulars in an action at law to furnish to a defendant facts whereon to found an affirmative defense, or which constitutes a defense, or offset for the other party, and it should not be different in this court.   The request for information in this case relates entirely to one of evidence.   The proof asked for is quite similar to what would be asked for by a bill of particulars in a suit for divorce.   In *Bullock* v. *Bullock,* 85 Hun, 373, a suit for divorce, Justice Van Brunt denied the request for bill of particulars for information relating to the marriage of plaintiff because the information was asked for before the joining of issue, and says: " But   *   *   *   defendant may not be entitled to such bill of particulars in order to prepare for the trial.   He may be entitled to know the *time when* and *place where* this marriage took place, if a ceremonial marriage is claimed, by whom it was celebrated, and if a marriage without any witnesses present   *   *   * the time when and the place where such contract was entered into."   The information as to when and where the widow of decedent was married is a matter of evidence already in this court and well known to the objectants.   In *Matter of Vetter,* (1916) 95 Misc. Rep. 63, certain objections were filed to the will.   The proponents asked for a bill of particulars which should

Surrogate's Court, Westchester County, June, 1920.    [Vol. 112.

state the names of the persons who exercised the undue influence on the testator.    Surrogate Fowler said: " I am inclined to think that the contestants should not be compelled to give the names of such persons prior to the trial."

In *Morrill* v. *Kazis,* 8 App. Div. 304, the court said: " It is not the office of a bill of particulars to furnish to the defendant the evidence the plaintiff intends to use upon the trial."

*Matter of Arocena,* N. Y. L. J. Nov. 18, 1919, involved the status of a common-law wife.    Surrogate Cohalan denied the application for bill of particulars. In *Matter of Ackerman,* N. Y. L. J. Dec. 26, 1918, Surrogate Cohalan granted the application for bill of particulars of an attorney's claim of $4,500.    In *Matter of Brown,* N. Y. L. J. Dec. 23, 1919, Surrogate Cohalan granted motion for bills of particulars to the extent of requiring contestants to give names of persons alleged to have exerted undue influence.    He says: " It would seem that the real purpose of requiring such items is that of limiting the party furnishing the same to the exact allegations of such a bill and not for the purpose of having information necessary to meet the contestant's claim.    Other particulars demanded, such as addresses of the persons charged with undue influence and acts and words constituting such undue influence are denied as unnecessary and evidentiary."

An application for a bill of particulars in the Surrogate's Court of New York county was denied in *Matter of Woerz,* N. Y. L. J. Oct. 13, 1916, on the ground that bills of particulars should not be encouraged.

In the instant case the objectant, by reason of a prior proceeding, has information of the date and place of the marriage as therein testified by the widow. Any further fact within the knowledge of the widow

is a matter of evidence. Why should the objectant have advantage over the accounting administratrix in a court where the practice and pleading existent in a court of law does not obtain. The issue is plain. The claim of the widow is denied — the rights of property which flow from widowhood is contested. Let the proof be taken in the proceeding upon the final accounting. The widow will offer her proof, when her *prima facie* case is proven, the burden will shift. Jones Ev. 205; Abb. Tr. Ev. 242, 247. The widow may testify to prove the marriage. *Matter of Lord,* 176 App. Div. 565; *Bissell* v. *Bissell,* 55 Barb. 325. The objectant will have his day in court to disprove the claim of the administratrix. Why seek an advantage? I will brush all technicalities aside, so long as I have discretion, and put the parties to their honest proof and let decision go to those who have right on their side.

In the exercise of my discretion, I deny the application for a bill of particulars.

Decreed accordingly.