Joseph A. Cox, S.
The application of the objectant for a bill of particulars as to the matters set forth in the administratrix’ account of her proceedings is granted to the extent that the administratrix will be required to furnish a bill stating: (1) The amount of each item advanced to or on behalf of the deceased from June 15, 1950 to May 14, 1956 by the administratrix, the approximate dates on which such payments were made, and to whom such payments were made; (2) whether the advances were made pursuant to an oral, written or implied agreement; (3) the amount claimed deceased paid for the real estate located at Kirk Dake in Putnam County, the approximate date of the purchase, and the amount advanced to decedent by the administratrix for the purchase; (4) whether there was an oral or written agreement to take title to the property in the name of the claimant or deceased or in both jointly or whether there was an oral or written agreement on the part of the deceased to repay the amount advanced for the purchase.
Many of the items requested by the objectant’s demand concern matters of an evidentiary nature. Such matters are not the proper subject of a bill of particulars. While it is at times difficult to separate evidentiary matter, the objectant in the present demand asks for such detailed facts that the court finds it necessary to make the separation. In addition, as Surrogate *47 Di Falco said in Matter of Berenson (8 Misc 2d 903): “It has not been the practice of this court to grant bills of particulars with respect to an account itself, since an examination may be had under section 263 of the Surrogate’s Court Act as to all transactions of the fiduciary with respect to the items in the account.” (See, also, Matter of Seymour, 112 Misc. 216.) Submit order on notice accordingly.