In the Matter of Proving the Last Will and Testament of SUSIE WARNER WOLFE, Deceased, as a Will of Real and Personal Property.

GEORGIE B. WENTZ and Others, Appellants; FRANKLIN TRUST COMPANY, Respondent.

First Department, December 31, 1917.

**Surrogate's Court — practice — default of contestants on probate — opening default.**

Where contestants of a will offered for probate in the Surrogate's Court did not voluntarily change their counsel, but were abandoned by him on the eve of trial after the filing of objections on their behalf, their motion to open a decree of probate entered on their default should be granted.

APPEAL by Georgie B. Wentz and others from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 16th day of October, 1917, denying a motion by the contestants to open a default in a proceeding to probate a will.

*Selig Edelman* of counsel [*Toney A. Hardy* with him on the brief], *Stanchfield & Levy*, attorneys, for the appellants.

*George H. Porter* of counsel [*Delafield, Howe, Thorne & Rogers*, attorneys], for the respondent.

First Department, December, 1917.          [Vol. 181.

PER CURIAM:

While we are extremely reluctant to review an order of the Surrogate's Court resting upon discretion, we feel that the present case is one in which we should not hesitate to exercise our power in that regard.

The affidavits presented by the contestants appear to make it not improbable that they may be able to successfully prevent the admission of the will to probate, if afforded an opportunity, and these affidavits are met by very unconvincing denials on the part of those interested in upholding the will. The contestants did not voluntarily change their counsel on the eve of the trial. They were apparently abandoned by counsel who had undertaken to represent them, and who had filed objections in their behalf, and were left with but scant time to find other counsel and to properly instruct him. With regard to their delay in moving to open the default it is apparent that this did not prejudice the estate or any one interested in it.

In view of the repeal of former section 2653-a of the Code of Civil Procedure the result of a default on the part of contestants in a probate proceeding, is much more serious than it formerly was, and in consideration of that fact a certain liberality to opening such defaults is excusable.

It follows that the order appealed from should be reversed, and the motion to open contestants' default and restore the cause to the appropriate calendar for trial should be granted, but without costs.

Present — CLARKE, P. J., LAUGHLIN, SCOTT, DOWLING and SHEARN, JJ.

Order reversed and motion granted, without costs.