LOUIS HOCHBERG, Appellant, v. INTERNATIONAL RAILWAY COMPANY, Respondent.— Motion granted and appeal dismissed, with costs.

ISRAEL ADLER, Appellant, v. GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Respondent.— Motion granted and appeal dismissed.

VIOLA M. KLEINSMITH, Respondent, v. HERMAN W. KLEINSMITH, Appellant.— Motion granted and appeal dismissed.

STANDARD OIL COMPANY OF NEW YORK, Respondent, v. BENJAMIN MARSHALL, Appellant.— Motion granted and appeal dismissed.

ELIZABETH KOPEC, an Infant, etc., Appellant, v. INTERNATIONAL RAILWAY COMPANY, Respondent.— Motion granted and appeal dismissed, with costs.

JOHN P. LEARMAN, Appellant, v. INTERNATIONAL RAILWAY COMPANY, Respondent.— Motion granted and appeal dismissed, with costs.

HARRY SOLOMON, Appellant, v. HARRY I. OLIVER, Respondent.— Motion granted and appeal dismissed.

LEE A. WILCOX, Appellant, v. HARRY VAN VELSOR, Respondent.— Motion granted and appeal dismissed.

FLORENCE WILCOX, Appellant, v. HARRY VAN VELSOR, Respondent.— Motion granted and appeal dismissed.

DAVID H. AMES, Respondent, v. HERMAN RATNOUR and Another, Appellants.— Motion to dismiss appeal granted, unless appellants shall file and serve papers by September twenty-fourth and be ready for argument on September twenty-sixth.

MICHAEL ERON, Respondent, v. ABE SCHAFER, Appellant.— Motion to dismiss appeal granted, unless appellant shall file and serve printed papers by September twenty-eighth and printed briefs by October second.

ALICE DOHERTY, an Infant, etc., Respondent, v. CHARLES W. ROGERS and Others, Appellants.— Motion to dismiss appeal granted, unless appellants shall be ready for argument on October first.

MICHAEL DOHERTY, Respondent, v. CHARLES W. ROGERS and Others, Appellants.— Motion to dismiss appeal granted, unless appellants shall be ready for argument on October first.

LYMAN ROBINSON, Appellant, v. THE STATE OF NEW YORK, Respondent.— Motion to dismiss appeal granted, unless appellant is ready for argument at opening of November term.

In the Matter of the Probate of the Last Will and Testament of MAUDE MAURER, Deceased.— Order reversed, with costs to appellant, and matter remitted to Surrogate's Court, with instructions to open the default upon such terms as will protect the executor for expenses properly incurred and money properly paid out, on the ground that it was error to hold that the surrogate did not have authority to open the default except for "fraud, newly-discovered evidence, clerical error or other sufficient cause."* (*Matter of Wolfe*, 181 App. Div. 35.) All concur, except Sears and Crouch, JJ., who dissent and vote for affirmance, on the ground that while the power of the surrogate to open the default was the same as that of a justice of the Supreme Court to open a judgment, it was necessary to show merits, and that no merits appear in this application.

* See Surr. Ct. Act, § 20, subd. 6.— [REP.