In the Matter of the Probate of the Will of GERTRUDE A. SAUER, Deceased. KEITH G. FARNER, as Executor of GERTRUDE A. SAUER, Deceased, et al., Appellants; PETER LIPMAN, Respondent.

Fourth Department, July 12, 1951.

*Harold J. Tillou* for Keith G. Farner, executor and Charlotte Strassner, appellants.

*John J. Nasca* in person as Special Guardian for William C. Farner and another, appellants.

*Adrian Block* and *D. Rumsey Wheeler* for Buffalo General Hospital, appellant.

*Michael J. Montesano* for respondent.

*Per Curiam.* This proceeding was begun by an order to show cause why the probate decree of June 3, 1949, admitting to probate a paper writing as the last will and testament of Gertrude A. Sauer should not be vacated and petitioner permitted to file objections to the reception of said written instrument heretofore determined to be the last will and testament of the deceased. The question presented for our determination is whether the order appealed from vacating the probate decree of June 3, 1949, is based upon a proper exercise of the discretion of the Surrogate's Court.

The rule applicable to opening deliberate or willful defaults, such as in this case in which petitioner has changed his mind and desires to interpose objections although previously he had not intended to do so is considered in Bradford Butler on New York Surrogate Law and Practice (Vol. 1, § 460, pp. 536–537): '' In such a situation, a substantial demonstration of merits in respect of the case of the moving party will be demanded, and he may be required to show a ' reasonable probability of success ' or ' meritorious grounds supporting the objections ', which phrases are said to mean the same thing. The rule which has been stated to be applicable in probate proceedings in this connection is ' that the facts alleged must be sufficient to permit the Surrogate to send the case to the jury.' ''

In *Matter of Maurer* (206 App. Div. 811) the court reversed an order denying appellant's motion to open a default in filing objections and remitted the matter with instructions to open the default, stating that the Surrogate was in error in holding that he did not have authority to open the default except through fraud, newly discovered evidence, clerical error or other sufficient cause. (See, also, *Matter of Schell,* 272 App. Div. 210, 215, and *Matter of Westberg,* 165 Misc. 728.)

In view of the rule above stated we would be constrained to affirm the Surrogate, unless it appears that his ruling is improvident and exceeds the bounds of judicial discretion. We think it does.

We find no basis in this record for the respondent's claim that constructive fraud may be imputed to Mr. Farner, or that Mrs. Sauer was subjected to any undue influence. Moreover, we think the acts and conduct of petitioner following probate of the will do not justify vacatur of the decree. It appears that Mr. Farner, as executor, may suffer potential prejudice by opening the petitioner's default. Apparently he has acted diligently in administering the estate and was about to account when this application was made. While the opposing affidavits do not show that any legacies have been paid, the statutory period of seven months has elapsed and petitioner has accepted payments under the will.

It follows that the order appealed from should be reversed on the facts, and as a matter of discretion, and the petition denied, with costs to appellants filing briefs payable out of the estate.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, JJ.

Order reversed on the facts and as a matter of discretion, and petition denied, with costs to the appellants filing briefs payable out of the estate.