In my opinion the surrogate was right, and his order should be affirmed.

CLARKE, J., concurs.

---

### In re WILLIAMS et al.

(Supreme Court, Appellate Division, First Department.    December 10, 1909.)

1. APPEAL AND ERROR (§ 460*) — SUPERSEDEAS — OPERATION OF APPEAL — NATURE OF JUDGMENT APPEALED FROM.

   Under Code Civ. Proc. § 2584, providing that an appeal operates as a stay of the proceedings to enforce the order appealed from, an appeal from a calendar order of the Surrogate's Court denying a reference in a proceeding to settle the accounts of testamentary trustees, and directing the case to proceed before the court, does not stay the trial of the case; the enforcement of an order stayed by a perfected appeal properly applying to one for the collection of money, the requiring of the delivery of property, or commitment for contempt, etc.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2217; Dec. Dig. § 460.*]

2. TRUSTS (§ 326*)—ACCOUNTS—REFERENCE—OBJECTIONS.

   Where a special guardian appeared in court for the purpose of fixing a date for a trial before the court for the settlement of the accounts of testamentary trustees, and made no objection, and stated that he would not object to allowing the testimony of a former reference to be read in the hearing before the court, he waived his right to move for the appointment of a referee.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 486; Dec. Dig. § 326.*]

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the accounts of Louise L. Williams and others, as trustees of the trust created by the will of Rebecca Ladew, deceased. From an order of the Surrogate's Court, denying a motion to restore the proceedings to the calendar for trial, the party aggrieved appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Parsons, Clossen & McIlvaine (William H. Carnochan, of counsel), for appellant.

Bernard J. Tinney, special guardian, for respondent.

CLARKE, J. Appeal from an order of the Surrogate's Court denying a motion to restore this proceeding to the calendar for trial, "not, however, as a matter of discretion, or in the exercise of discretion, but upon the sole ground that the said appeal from the said order bearing date and entered the 25th day of October, 1909, has under the provisions of section 2584 of the Code of Civil Procedure, the effect to stay this proceeding and any trial or hearing thereof, or of the questions or issues, if any, arising upon the settlement of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

accounts filed herein, and that this court, as a result of such appeal from the said order, is, under the provisions of the said section, without power or authority to proceed with such trial or hearing, or to hear and determine such questions or issues, if any, so arising, and is constrained by said section of the said Code to deny the said motion."

The trustees under the will of Rebecca Ladew, deceased, filed their account in the Surrogate's Court. A special guardian was appointed of one of the infants, a party to the proceedings, and filed exceptions. The surrogate, upon his own motion, sent the account to a referee, who had some 12 hearings and took more than 400 pages of testimony. The referee did not file his report within 60 days after the matter was submitted, and the guardian served notice that he elected to end the reference. Subsequently the referee filed his report, and the special guardian then made a motion to set the report aside upon the sole ground as indicated. The surrogate granted the motion, holding that section 1019 of the Code of Civil Procedure applied to references in the Surrogate's Court, and stated:

"The special guardian acted within his technical rights, and his application to declare the reference abandoned is granted. I will make a new order of reference to the same referee upon my own motion."

And thereupon he did make such an order. The special guardian moved to vacate the second order of reference, and the motion was granted, and an order entered. The surrogate then, upon his own motion, set this proceeding down for trial before him, and it was placed upon his trial calendar for trial before him, making a memorandum as follows:

"The parties having agreed that the evidence heretofore taken in the trial before the referee may be read so far as applicable on the new trial, the matter will be tried before me, and will be placed on my calendar of issues, and set down for October 4th at 10:30, to fix the date of hearing. Formal notice of trial may be served."

On October 4th, the special guardian being present and not opposing, it was adjourned for trial until October 25th. Thereafter the special guardian made a motion for an order appointing a referee. This motion was denied, and an order denying the same was made, bearing date October 25, 1909, which, after reciting the proceedings, recited:

"Ordered, that the said motion for the appointment of another referee be and the same hereby is in all respects denied; and it is further ordered, that this proceeding, having been placed upon the trial calendar of this court for trial by Surrogate Thomas, remain upon the said calendar for trial by him."

From the said last-mentioned order the special guardian appealed, and perfected his appeal by the giving of an undertaking. On November 1st, when this proceeding appeared upon the calendar, it was marked off upon the application of the special guardian, upon the ground that by the appeal taken by him from said order the trial had been stayed. Thereafter an order to show cause why this proceeding should not be restored to the trial calendar was made, and came on for argument, and resulted in the order of November 8, 1909, first hereinbefore quoted, from which this appeal is taken.

Section 2584 of the Code of Civil Procedure provides:

"Except as otherwise expressly provided in this article, a perfected appeal has the effect, as a stay of the proceedings to enforce the decree or order appealed from, prescribed in section 1310 of this act, with respect to a perfected appeal from a judgment."

Section 1310 provides:

"* * * The appeal stays all proceedings to enforce the judgment or order appealed from, except that the court or judge from whose determination the appeal is taken may proceed in any matter included in the action or special proceeding and not affected by the judgment or order appealed from and not embraced within the appeal.".

Section 2556 provides that:

"A direction of a Surrogate's Court made or entered in writing and not included in a decree is styled an order. It may be enforced in like manner as a similar order made by the Supreme Court in an action."

Section 2568 provides:

"Any party aggrieved may appeal from a decree or an order of a Surrogate's Court in a case specified in this article, except where the decree or order, of which he complains, was rendered or made upon his default."

Section 2570 provides that:

"An appeal to the Appellate Division may be taken from a decree of the Surrogate's Court or from an order affecting a substantial right made by a surrogate or by a Surrogate's Court in a special proceeding."

The question is: Does section 2584 of the Code of Civil Procedure, providing that the appeal "has the effect as a stay of the proceedings to enforce the * * * order appealed from," mean a stay of such an interlocutory and practice order as this. The order denied a further reference, and directed the case to proceed to trial before the court. The enforcement of that order was the proceeding to trial before the court, notwithstanding the appeal, and it is that proceeding to trial which it is claimed was stayed. The enforcement of a decree or an order, which is stayed by a perfected appeal, properly applies to the collection of money, the requiring the delivery of property, the committing for contempt, or other of the things required to be done by the person against whom the order was directed.

There is nothing to be enforced under the order appealed from. That order denied a motion for a reference and directed the case to proceed before the court. It was a calendar order. If the appeal therefrom succeeds, all that will happen will be that the trial before the surrogate will stop, and proceed before a new referee to be appointed. No harm can come to a litigant in a Surrogate's Court from having his case tried before the surrogate, instead of a referee.

The conduct of the special guardian is evidently for purely dilatory purposes, and perhaps incidentally for costs. I think his consent in open court and appearance there when the matter was set down on the calendar for the purpose of fixing a date for trial, and the statement that he would make no objection to allowing the testimony of the former reference to be read, was such a waiver as precluded him from making another motion for the appointment of a referee. His course

is condemned. There was no stay of the trial caused by the perfected appeal, and the Surrogate's Court had power to grant the motion, which, for assumed lack of power, it denied.

The order appealed from should be reversed, with $10 costs and disbursements out of the estate, and the motion granted. All concur.