Matter of the Probate of the Last Will and Testament of MARGARET WALSH, Deceased.

(Surrogate's Court, Westchester County, June, 1919.)

Trial — Surrogate's Court — contested probate — appeal from order reframing issues does not stay the trial.

> Where in a contested probate proceeding the issues that the execution of the will was procured by fraud and undue influence have been framed and the cause duly noticed for trial by a jury as demanded, an appeal from an order reframing the issues does not operate to stay the trial.

PROCEEDING upon a contested probate.

Stetson, Jennings & Russell (Theodore Kiendl, Jr., of counsel), for proponent.

William H. O'Brien, for C. W. and J. V. Quinn, legatees.

John J. Ackerman, for John Vincent Walsh, contestant.

SLATER, S. This proceeding was commenced by the filing of a petition for the probate of the last will and testament of Margaret Walsh on June 13, 1918. Objections to the probate were filed in July, 1918, by John Vincent Walsh and by Joseph J. Walsh, both by answer alleging the will was not duly executed or published, that testator was not of sound mind and memory or mentally capable and that the alleged will was not freely, or voluntarily made or executed, but that its execution was procured by fraud and undue influence, and they demanded a trial of the issues by a jury. The matter was on the trial calendar of the former surrogate in October, 1918. It appeared on the trial calendar of this court in February, 1919. No

order was presented in behalf of the contestants as provided by the Code and by the Westchester County Surrogate's Rule No. 13 framing the issues to be submitted to the jury. The issues were framed by order, on motion of the attorney for the proponent, on February 5, 1919, and later were reframed on regular notice of settlement by order dated April 22, 1919. John Vincent Walsh filed a notice of appeal dated May 24, 1919, appealing from the order reframing the issues and setting the trial for the June term beginning June 2, 1919. The issues have been duly noticed for trial by the proponent for June 2, 1919. It is now contended by the contestant John Vincent Walsh that the appeal from the order reframing the issues stays the trial of the cause.

The pleadings and practice in the Surrogate's Court are peculiar to that court. The inquisition with a jury is not a trial at law. *Matter of Dorsey*, 94 Misc. Rep. 566. The petition for probate of a will may be said to be in the nature of a complaint, the objections by contestants in the nature of an answer. Demurrers do not exist. Bill of particulars by way of a pleading arises once in a while. There are no other forms of pleading. Section 2519 of the Code of Civil Procedure defines pleadings in this court and provides for written pleadings. Since the jury practice has come into being, section 2538 of the Code provides that the surrogate must make an order directing trial by jury, if seasonably demanded, and in any proceeding in which any controverted question of fact arises the surrogate may in his discretion make such order without demand. The order referred to in this section providing for a statement of the issue raised by the petition for probate and the objections is a peculiar form of pleading and is interlocutory. It is a calendar order entirely. The framing of issues is

by questions, answers to which are made by the jury and they are a part of the trial of a contested probate. *Matter of Plate,* 93 Misc. Rep. 423; *Matter of Eno,* 94 id. 100. There cannot very well be an appeal from an answer, nor from a demurrer, nor from part of a trial. The framed issues are the objections of the contestant. How can an appeal by the contestant lie from his own objections? The order of April 22, 1919, framing the issues does not affect a substantial right of any of the parties.

Section 2557 of the Code relates to what orders or decrees are not stayed by appeal, viz., appeal from an order directing the commitment of an executor, or an attorney for disobedience to direction of the court or directing the commitment of a person, or to testify; also appeals from decree of surrogate admitting will or granting letters or revoking letters or appointing temporary administrator or appraiser. *Except* as otherwise specially provided, a perfected appeal has the effect as a stay of the proceedings described in section 1310. Therefore under section 2557 the enforcement of a decree or order which is stayed by a perfected appeal applies to the collection of money, delivery of property, committing for contempt or other of the things required to be done by the person against whom the order was directed. *Matter of Williams,* 135 App. Div. 123.

The *Williams* case was an appeal from an order of the Surrogate's Court denying a motion to restore the proceeding to the calendar for trial. The question is, does section 2584 of the Code old number, same as 2557 of the present Code, have the effect as a stay of the proceedings to enforce the order appealed from, mean a stay of such an interlocutory and practice order as this. Justice Clarke writing said: "There is nothing to be enforced under the order appealed

from. That order denied a motion for a reference and directed the case to proceed before the court. It was a calendar order. If the appeal therefrom succeeds, all that will happen will be that the trial before the surrogate will stop and proceed before a new referee to be appointed * * *. There was no stay of the trial caused by the perfected appeal and the Surrogate's Court had the power to grant the motion which, for assumed lack of power, it denied.''

Section 2754 of the Code provides an appeal to the Appellate Division of the Supreme Court may be taken from a decree of the Surrogate's Court or from an order *affecting a substantial right made by the surrogate.* In *Henry* v. *Henry,* 4 Dem. 263, Rollins, S., held that under section 2570 old number, same as present section 2754, an appeal may be taken from a decree, or from an order affecting *a substantial right.* That it is declared by section 2584 that except as otherwise expressly prescribed a perfected appeal has the effect as a stay of the proceedings to enforce the decree or order appealed from prescribed in section 1310. He says: '' I do not think that by force of the statute the appeals which have been taken from the two orders lately made by the surrogate have operated to stay the trial of this probate controversy which is now regularly reached on the calendar. The order denying the motion for union of the issues theretofore directed to be separately tried cannot be held to involve a substantial right within the meaning of section 2570. It affects mere modes of procedure that are entirely within the control of the trial court,'' citing 60 N. Y. 143; 67 id. 40; 17 How. Pr. 526.

In *Matter of Meyer,* 209 N. Y. 59, Judge Chase said: '' It is a rule of almost universal application that a perfected appeal does not stay the execution of the judgment or order appealed from, and that to obtain

a stay certain statutory requirements must be complied with either as to giving an undertaking or getting an order of the court. While an appeal regularly taken and perfected is taking its course in the appellate court the respondent may, notwithstanding, unless stayed, proceed to enforce his judgment or order, and the appellant's only remedy is to enforce restitution when he becomes entitled to it.'' Of course this means you must come within section 2754 and relates to an order affecting a substantial right.

In *Empire City Racing Assn.* v. *National Fair & Exposition Assn.*, 167 App. Div. 126, Jenks, P. J., writing, says: '' Plaintiff appeals from an order of the Special Term that denies a motion for a preference in an action of ejectment when the right depended upon facts which did not appear in the pleadings. * * * I think that the order is not appealable. * * * One of the powers which has always been recognized as inherent in courts, which are protected in their existence, their powers and jurisdiction by constitutional provisions, has been the right to control its order of business and to so conduct the same that the rights of all suitors before them may be safeguarded.''

This appeal, after the manner of former motions, is made purely for delay. The court feels its exercise of discretion directing the trial to proceed, due consideration being given to the time intervening between last July and the present time, will not prejudice the rights of contestant and bring its ruling within the court's opinion in *Matter of Wolfe,* 181 App. Div. 35.

The mischief and delays which would result from an appeal from an order joining the issues cannot be overestimated. The trial court would be powerless to compel a trial of a will contest. If the court has erred

in directing this trial to go forward the learned Appellate Division will correct it.   This is a new question under the practice act.   The contestant may except to my direction and appeal.   The court has been unable to learn of any other like case in the reports, or in the experience of learned surrogates of this state.   While the court must be fair and accord any contestant reasonable time to prepare and present his case, the court is not unmindful of the rights of the beneficiaries under the will and the mandate of the decedent.

· I am of the opinion that the appeal from the order framing the issues taken by counsel for John Vincent Walsh, one of the contestants, does not operate to stay the trial of this probate controversy which is now reached regularly on the calendar.   The court directs the trial to proceed to try the issues.

Decreed accordingly.