In the Matter of DONALD L. GORDON, JR., et al., Respondents, v TOWN OF ESOPUS, Appellant.

Third Department, March 7, 1985

### APPEARANCES OF COUNSEL

*Kellar & Kellar* (*Norman Kellar* of counsel), for appellant.

*Wapner, Koplovitz & Futerfas* (*Rod Futerfas* of counsel), for respondents.

### OPINION OF THE COURT

MAIN, J.

Petitioners own land in the Town of Esopus, Ulster County, which respondent has used as the town landfill pursuant to a five-year lease which expired as of January 1982. Negotiations were held in an attempt to effect the sale of the land from petitioners to respondent, but no agreement was reached. Respondent continued in possession of the landfill property as a

holdover tenant, but paid no rent after December 1982. Petitioners thereafter commenced this special proceeding pursuant to RPAPL article 7 to recover possession of their property and rent from January 1, 1983. Respondent answered and asserted that petitioners had waived their right to rent after December 1982 during the period of negotiations. Respondent further contended that the proceeding was rendered moot by reason of its initiation of condemnation proceedings.

County Court summarily dismissed respondent's waiver and mootness arguments, but determined that respondent's general denial raised questions of fact requiring a hearing on the validity of the notice to quit and the reasonable monthly rent for the premises. An order was entered thereon on July 9, 1984 from which respondent appeals. Apparently believing that under CPLR 5519 (a) (1) its appeal stayed the hearing, respondent failed to appear at the hearing ordered by County Court, which heard testimony on the validity of the notice to quit and the reasonable monthly rent. Petitioner was awarded $1,575 monthly rent from January 1, 1983 until respondent acquires title or is evicted, whichever occurs first, and possession of the property. An order thereon, which also consolidated the July 9, 1984 order, was entered July 20, 1984 from which respondent also appeals.

We first address respondent's claim that County Court erred in holding a hearing on the validity of the notice to quit and the reasonable rent due petitioners because the notice of appeal from the order entered July 9, 1984 served by respondent on petitioners stayed all proceedings pursuant to CPLR 5519 (a) (1). This statute provides that "[s]ervice upon the adverse party of a notice of appeal * * * stays all proceedings to enforce the judgment or order appealed from pending the appeal * * * where * * * the appellant * * * is * * * any political subdivision of the state". We cannot say that the hearing on the validity of the notice to quit and the reasonable monthly rent was a proceeding to enforce the order and, thus, was prohibited by the stay resulting from respondent's service of a notice of appeal. Indeed, CPLR 5519 (f) permits the court of original instance to proceed in any matter not affected by the judgment or order appealed from. Therefore, because the hearing on the validity of the notice to quit and the reasonable monthly rent was not to enforce the order appealed from (*see, Brock v State of New York,* 77 AD2d 670, 671-672), we are of the view that the automatic stay under CPLR 5519 (a) (1) did not prevent County Court from holding said hearing.

■ Turning to the merits of the appeal from the order entered July 9, 1984, we find no error in County Court's rejection of respondent's claim that petitioners waived their right to rent. Respondent's claim of waiver stems from a letter dated March 1, 1983 from petitioners' then attorney to respondent's attorney. Even if this letter can be read as a waiver of rent, there is no evidence that petitioners themselves were aware of the waiver and intended to be bound by it. Of course, there can be no waiver of a right unless a party has knowledge of its existence and intends to relinquish it (*City of New York v State of New York*, 40 NY2d 659, 669). Moreover, an attorney has no authority to waive a substantial right of a client who has not authorized the attorney to do so (*Solow v Avon Prods.*, 86 Misc 2d 262, 270; 6 NY Jur 2d, Attorneys at Law, § 87, at 569-70) and there is no evidence that petitioners authorized their then attorney to waive the rent. Accordingly, County Court properly rejected respondent's waiver claim.

We do not read the recent decision in *Hallock v State of New York* (64 NY2d 224) to require a different result. In *Hallock,* the Court of Appeals held that a stipulation of settlement made by an attorney in open court may bind the attorney's client even where the attorney's actual authority is exceeded. This holding was based in large part upon the policy favoring such stipulations of settlement and, therefore, *Hallock* can and should be read to be limited to those cases involving such stipulations. This is especially so in the absence of any indication from the Court of Appeals that *Hallock* is to have application beyond the facts there presented. In the instant case, we are not confronted with a stipulation of settlement in open court and, therefore, we agree with County Court's rejection of respondent's claim that petitioners' then attorney waived rent for use of the landfill.

■ We further agree with petitioners that County Court properly determined the rental value of the property within the context of this special proceeding (*see,* RPAPL 741 [5]). Respondent's failure to appear at the hearing to determine rental value was the result of its own decision and petitioners should not now suffer because of respondent's inaction. Although the absence of a record of the hearing would prevent us from determining the correctness of County Court's determination at the hearing, we need not consider this issue as respondent's claim relates only to the propriety of County Court having held the hearing and not to the propriety of County Court's award. We conclude that County Court properly held the hearing.

We also find no reason to upset County Court's determination because of respondent's claim that a condemnation proceeding is

pending. As noted above, the rent due petitioners was properly determined in this proceeding (RPAPL 741 [5]) and it is unclear from the record when the condemnation proceeding was initiated and where it stands. Accordingly, we conclude that County Court properly entertained this issue.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Orders affirmed, with costs.