THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HURLEY, Appellant.—Judgment unanimously reversed on the law, sentence vacated and indictment dismissed. Memorandum: Upon remittitur to Cayuga County Court for a hearing to determine the facts relating to defendant's speedy trial claim *(People v Hurley,* 124 AD2d 1016), the hearing court determined that defendant's speedy trial rights were violated. This determination not having been challenged on appeal, reversal is required. (Resubmission of appeal from judgment of Cayuga County Court, Rybarczyk, J.—assault, second degree.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.

 LINDA BAKER, Respondent, v BOARD OF EDUCATION OF WEST IRONDEQUOIT SCHOOL DISTRICT et al., Appellants.—Motion insofar as it requests dismissal of appeal granted unless appellants' records and briefs are filed and served on or before August 25, 1989; insofar as it requests the automatic stay be vacated, the motion is denied as unnecessary. Memorandum: Neither a discretionary stay nor an automatic stay under CPLR 5519 stays all proceedings in the action; it stays only proceedings to enforce the order or judgment appealed from *(see, Rhodes v Mosher,* 115 AD2d 351, followed in *Epping v County of Monroe,* 151 AD2d 1049; *Matter of Gordon v Town of Esopus,* 107 AD2d 114, 115, *lv denied* 65 NY2d 609). The order here appealed from denied defendant's motion for summary judgment. The trial of the action is not a proceeding to enforce that order; hence, the filing of the notice of appeal by the school district did not effect an automatic stay of the trial under CPLR 5519 (a) (1). Present—Callahan, J. P., Doerr, Boomer, Green and Lawton, JJ.

 CATHERINE GUY, Appellant, v STATE OF NEW YORK, Respondent.—Motion for reconsideration denied. Memorandum: The motion is untimely, having been made more than one year after the date of the abandonment *(see,* 22 NYCRR 1000.3 [b] [2]). Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.