■ GARY ROTONDO et al., Appellants, v C. DUPHA REEVES, Individually and as Coroner for the County of Wayne, et al., Respondents. [596 NYS2d 272] —Order insofar as appealed from reversed on the law without costs and motion granted in part in accordance with the following Memorandum: Defendants moved pursuant to CPLR 3211 (a) (7) to dismiss plaintiffs' complaint containing two causes of action. Supreme Court granted the motion to the extent of dismissing the second cause of action. The order of dismissal was served on defendants on March 23, 1992, and defendants filed a notice of appeal on March 31, 1992. On July 24, 1992, plaintiffs moved for, *inter alia,* a default judgment on liability on the ground that defendants had failed to serve an answer within 10 days of service of the order determining the motion to dismiss *(see,* CPLR 3211 [f]). In opposing the motion, defendants contended that the automatic stay provision of CPLR 5519 (a) (1) excused their failure to serve an answer. We conclude that Supreme Court erroneously denied plaintiffs' motion for a default judgment. The automatic stay provision of CPLR 5519 (a) (1) "stays only proceedings to enforce the order or judgment appealed from" *(Baker v Board of Educ.,* 152 AD2d 1014; *see also, Matter of Gordon v Town of Esopus,* 107 AD2d 114, 115, *lv denied* 65 NY2d 609). Defendants' obligation to serve an answer pursuant to CPLR 3211 (f) did not involve a proceeding to enforce the order that determined the motion to dismiss. Defendants never requested that the court grant additional time to serve an answer and never offered a reasonable excuse for their default *(see,* CPLR 3012 [d]). Plaintiffs' application for a default judgment on the issue of liability is granted, therefore, but against defendant County only *(see,* CPLR 3215 [a]). Plaintiffs are not entitled to judgment against defendant C. Dupha Reeves, now deceased, inasmuch as there has been no representative substituted for him *(see,* CPLR 1015 [a]) and plaintiffs do not appeal from that part of the order denying their motion for an order of substitution.

All concur except Fallon, J., who dissents in part in the following Memorandum.

Fallon, J. (dissenting). I respectfully dissent in part. Defendants moved to dismiss plaintiffs' complaint for failure to state a cause of action. The motion was granted in part and denied in part. The court's order was served by mail on defendants' counsel on March 23, 1992. Defendants filed their notice of appeal on March 31, 1992. Defendants' answer was due on April 2, 1992 pursuant to CPLR 3211 (f). When plaintiffs did not receive the answer timely, plaintiffs moved pursuant to section 3215 of the CPLR for a default judgment. Defendants argued that CPLR 5519 (a) (1) imposes an automatic stay when an appeal is taken by a political subdivision of the State. Supreme Court, in reliance upon *Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth.* (79 AD2d 516), held that the automatic stay provision of section 5519 is operative and denied plaintiffs' motion for a default judgment.

The majority concludes that defendants were not entitled to an automatic stay *(see, Baker v Board of Educ.,* 152 AD2d 1014) and that plaintiffs are accordingly entitled to a default judgment against defendant County. I agree with the majority that defendants were not entitled to an automatic stay; however, I do not agree that it follows that plaintiffs are entitled to an unconditional default judgment. Supreme Court, in the exercise of its discretion, could have and, in my opinion, should have granted the motion unless defendant County served its answer within a specified period of time. Defendants served their notice of appeal within 10 days of the order denying in part their motion to dismiss the complaint and did not serve their answer in mistaken reliance upon the automatic stay provision of CPLR 5519 (a) (1). Such a failure would constitute a justifiable excuse for failure to serve an answer (CPLR 3012 [d]) and, therefore, I would reverse and grant the default against defendant County unless it serves its answer within 10 days after the service of the order herein with notice of entry. (Appeal from Order of Supreme Court, Wayne County, Parenti, J.—Default Judgment.) Present—Green, J. P., Fallon, Boomer, Davis and Boehm, JJ. *[See, Rotondo v Reeves,* 153 Misc 2d 769.]