OPINION OF THE COURT
L. Paul Kehoe, J.
The issue before the court is whether defendant is entitled to an automatic stay pursuant to CPLR 5519 (a) (1). That section provides "[s]ervice upon the adverse party of a notice of appeal * ** * stays all proceedings to enforce the judgment or order appealed from pending the appeal * * * where * * * the appellant * * * j[g * * * any political subdivision of the state.” (Emphasis added.) The court previously granted a motion by plaintiffs for summary judgment on the issue of liability on this Labor Law § 240 (1) claim. The case has been called for trial on the issue of damages and defendant now asserts entitlement to an automatic stay under CPLR 5519 (a) (1).
*282 The Greece Central School District is a political subdivision of the State within the meaning of CPLR 5519 (a) (1) (see, Matter of Koch v Webster Cent. School Dist. Bd. of Educ., 112 Misc 2d 10 [Sup Ct, Monroe County 1981]). Plaintiffs do not contest defendant’s status as a political subdivision of the State. Instead, they assert that the automatic stay provided by CPLR 5519 (a) (1) applies only to certain CPLR article 78 proceedings. Plaintiffs’ interpretation of this subdivision is clearly erroneous in that the language relied upon, which became law as part of a 1988 amendment, made only a modest alteration to the CPLR 5119 (a) (1) blanket stay provision for certain article 78 proceedings involving a small corporation or partnership. The blanket stay provided by that section was not otherwise affected by the 1988 amendment.
The real issue before the court, which neither party has addressed, is whether or not trial of the damage portion of this action is a proceeding to enforce this court’s order granting summary judgment to plaintiffs on the issue of liability. This court holds that a trial on the issue of damages does not amount to enforcement of this court’s prior order within the meaning of the statute. The stay prevents enforcement of the judgment but not a determination of damages (see, Brock v State of New York, 97 Misc 2d 400 [Ct Cl 1978]).
The court has also considered defendant’s application for a stay directed to the court’s discretion pursuant to CPLR 5519 (c). In that connection the court has considered the material submitted on this motion and a prior motion by plaintiffs for a trial preference. Under the circumstances established, it would be an improvident exercise of discretion to grant defendant’s request.
It is, therefore, ordered, that defendant’s motion to enforce an automatic stay under CPLR 5519 (a) (1) is denied, and it is further ordered, that defendant’s motion for a stay addressed to the court’s discretion pursuant to CPLR 5519 (c) is denied, and it is further ordered, that the trial of issue of damages shall commence at 9:30 a.m. on March 1, 1996.