[641 NYS2d 887]

In the Matter of RONALD PICKERELL et al., Respondents, v TOWN OF HUNTINGTON, Appellant.

Second Department, May 1, 1996

**APPEARANCES OF COUNSEL**

*Lawrence W. Cregan, Town Attorney* of the Town of Huntington, Commack *(Patrick A. Sweeney* of counsel), for appellant.

*Mars, Sloane & Conlon,* Hauppauge *(Glenn B. Gruder* of counsel), for respondents.

### OPINION OF THE COURT

Per Curiam.

In this proceeding the Town of Huntington moved, *inter alia,* for summary judgment in its favor and the claimants cross-moved for partial summary judgment in their favor, to dismiss the Town's first affirmative defense, and to set the matter down for an immediate trial on the issue of damages. The Supreme Court denied the motion, granted the cross motion, and directed that the matter proceed to trial on a stated date. Before that trial date the Town served a notice of appeal.

The issue on this motion is the scope of the automatic stay obtained by the Town pursuant to CPLR 5519 (a) (1). As explained in *Matter of Pokoik v Department of Health Servs.* (220 AD2d 13 [decided herewith]), the service of a notice of appeal by the State, a political subdivision thereof, or their officers or agencies has the effect of automatically staying all proceedings to enforce executory directives in the order or judgment appealed from.

Since the provisions of the instant order denying the Town's motion, *inter alia,* for summary judgment and granting the branches of the claimants' cross motion which were for partial summary judgment and to dismiss the Town's first affirmative defense were self-executing, and were effective upon the promulgation of the order, they were not subject to the automatic stay provisions of CPLR 5519 (a) (1). The portion of the order which granted the branch of the claimants' cross motion which was to set the matter down for an immediate trial on the issue of damages and which directed that the matter proceed to trial on a specified future date did, however, constitute an executory directive subject to the automatic stay provisions of CPLR 5519 (a) (1). Because the Town's notice of appeal was served before the trial date fixed by the order, the trial was automatically stayed *(Cherry v New York City Hous. Auth.,* 217 AD2d 641; *Hacker v City of New York,* 25 AD2d 35, 37). To the extent that the cases of *Matter of Williams* (135 App Div 123) and *Matter of Gordon v Town of Esopus* (107 AD2d 114, 115, *lv denied* 65 NY2d 609) are to the contrary, and to the extent, if any, that *Matter of Williams (supra)* was not overruled by implication of the holding of *Hacker v City of New York (supra),* they should not be followed in this Department.

This case is distinguishable from our recent case of *Shorten v City of White Plains* (216 AD2d 344) in which the order ap-

pealed from merely denied a motion by the defendant City for summary judgment and did not contain a directive that the case proceed to trial. The trial in *Shorten,* although a natural consequence of the order denying summary judgment, was not directed by that order and thus was not automatically stayed by the service of the City's notice of appeal *(see also, Baker v Board of Educ.,* 152 AD2d 1014; *Walker v Delaware & Hudson R. R. Co.,* 120 AD2d 919; *Young v State of New York,* 213 AD2d 1084).

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and THOMPSON, JJ., concur.

Ordered that the branch of the motion which seeks to "confirm that an automatic stay is in effect" is granted to the extent set forth herein and is otherwise denied; and it is further,

Ordered that the branch of the motion which seeks a stay of all proceedings in the Supreme Court is denied.