[641 NYS2d 879]

STATE OF NEW YORK et al., Appellants, v TOWN OF HAVER-STRAW, Respondent.

Second Department, May 1, 1996

*Dennis C. Vacco, Attorney-General,* New York City *(Victoria A. Graffeo* and *Oymin Chin* of counsel), for appellants.

*Edelstein & Levine,* Haverstraw *(Steven R. Faber* and *Jonathan L. Levine* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

On this motion we are called upon to decide whether the State, its political subdivisions, or their officers or agents obtain an automatic stay pursuant to CPLR 5519 (a) (1) by appealing as of right or by seeking permission to appeal from an order or judgment which prohibits certain conduct on their part. We are of the opinion that no automatic stay is available in those circumstances.

As explained in *Matter of Pokoik v Department of Health Servs.* (220 AD2d 13 [decided herewith]), the service of a notice of appeal by the State, a political subdivision thereof, or their officers or agencies has the effect of automatically staying all proceedings to enforce executory directives in the order or judgment appealed from. Executory directives are those which direct the performance of a future act. The rule with respect to orders or judgments which *prohibit* future acts is different. Prohibitory injunctions are self-executing and need no enforcement procedure to compel inaction on the part of the person or entity restrained *(see, Sixth Ave. R. R. Co. v Gilbert El. R. R. Co.,* 71 NY 430, 433-434; *Genet v President of Del. & Hudson Canal Co.,* 113 NY 472, 475; *see also,* New York cases cited in Annotation, *Appeal from Award of Injunction as Stay or Supersedeas,* 93 ALR 709, 711).

The objective of the automatic stay provided by CPLR 5519 (a) (1) is to maintain the status quo pending the appeal. Mandatory injunctions are automatically stayed because in commanding the performance of some affirmative act they usually result in a change in the status quo. A prohibitory injunction, on the

other hand, is one that operates to restrain the commission or continuance of an act and to prevent a threatened injury, thereby ordinarily having the effect of maintaining the status quo (Annotation, *Appeal from Award of Injunction as Stay or Supersedeas,* 93 ALR 709, 718).

In 1898 this Court decided a case involving this precise issue. In *New York Mail & Newspaper Transp. Co. v Shea* (30 App Div 374), we held that the predecessor to the automatic stay provision of CPLR 5519 (a) (1) did not operate to relieve the Commissioner of Bridges of the City of New York from the duty to obey the terms of a prohibitory injunction pending appeal therefrom. The rule is no different now, especially since CPLR 5519 (a) (1), as amended in 1965, was specifically designed to continue the law as it existed prior to the adoption of the CPLR *(see,* Mem of City of New York on L 1965, ch 744, 1965 NY Legis Ann, at 37; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5519.03). To the extent that the case of *DeLury v City of New York* (48 AD2d 405) may be read to the contrary, it should not be followed in this Department.

In this case, however, the temporary restraining order operates to restrain the plaintiffs from enforcing a landfill closure order which was confirmed by the Supreme Court and upheld on appeal *(Matter of Town of Haverstraw v Jorling,* 213 AD2d 654, *lv denied* 86 NY2d 702). A change in the status quo is precisely what is desired here; the landfill is open and it should be closed. Accordingly we grant leave to appeal and exercise our power pursuant to CPLR 5518 to vacate the temporary restraining order pending the appeal.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and RITTER, JJ., concur.

Ordered that the branch of the motion which is for leave to appeal is granted; and it is further,

Ordered that the branch of the motion which is to declare that the plaintiffs obtained an automatic stay of the temporary restraining order pursuant to CPLR 5519 (a) (1) by moving for leave to appeal therefrom is denied; and it is further,

Ordered that the branch of the motion which is to vacate the temporary restraining order pursuant to CPLR 5518 pending appeal therefrom is granted.