[641 NYS2d 881]

In the Matter of LEE POKOIK, Respondent-Appellant, v DEPART-
MENT OF HEALTH SERVICES OF COUNTY OF SUFFOLK et al.,
Appellants-Respondents, et al., Respondents.

Second Department, May 1, 1996

14

## APPEARANCES OF COUNSEL

*Siben & Siben,* South Huntington *(Maxwell D. Weinstein* of counsel), for respondent-appellant.

*Robert J. Cimino, County Attorney* of Suffolk County, Hauppauge *(Derrick J. Robinson* of counsel), for Department of Health Services, County of Suffolk, appellant-respondent.

*Smith, Finkelstein, Lundberg, Isler & Yakaboski,* Riverhead *(Frank A. Isler* of counsel), for Incorporated Village of Ocean Beach, appellant-respondent.

## OPINION OF THE COURT

Per Curiam.

This motion presents issues relating to the scope of the stay afforded by CPLR 5519 (a) (1) which states in relevant part that "[s]ervice upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where: 1. the appellant or moving party is the state * * * or any officer or agency of the state or of any political subdivision of the state". We start our examination of these issues with the observation that the decretal provisions of judgments and orders are of two basic kinds, namely, those that are immediately executed upon the promulgation of the judgment or order, and those that direct the performance of some act in the future and are thus executory, requiring voluntary or compelled compliance to cause them to become executed.

CPLR 5519 (a), by its express terms, only provides a stay of proceedings to *enforce* the judgment or order appealed from.

Thus, when a stay is obtained pursuant to this subdivision it has the effect of temporarily depriving the prevailing party of the ability to use the methods specified by law *(see, e.g.,* CPLR art 51, entitled "Enforcement of Judgments and Orders Generally")* to enforce the executory provisions of the judgment or order appealed from *(Sixth Ave. R. R. Co. v Gilbert El. R. R. Co.,* 71 NY 430, 432). In its present form, CPLR 5519 (a) (1) is intended to continue the practice in this State which existed before the adoption of the Civil Practice Law and Rules to the effect that the taking of an appeal stays enforcement of an order or "judgment directing the performance of some act by [the State or] a municipality or one of its officials" (Mem of City of New York on L 1965, ch 744, 1965 NY Legis Ann, at 37; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5519.03).

Those provisions of the judgment or order appealed from which are self-executing upon its promulgation and those provisions which have been brought to execution by voluntary or compelled compliance prior to the effective date of the stay are not undone *(see, City of Utica v Hanna,* 249 NY 26, 30 [opn of Cardozo, Ch. J.]; *Department of Hous. Preservation & Dev. v Vanway Overland Express,* 123 Misc 2d 372). That is to say, an appeal by the State, a political subdivision thereof, or their officers or agencies does not suspend the operation of the order or judgment and restore the case to the status which existed before it was issued. A motion decided by an order does not become undecided and the declaratory provisions of a judgment are not undeclared when a governmental party serves a notice of appeal therefrom. To the extent that dicta in cases such as *People ex rel. Off. of Rent Admin., Div. of Hous. & Community Renewal v Berry Estates* (87 AD2d 161, 165, *affd* 58 NY2d 701) and the holdings of cases such as *Callanan Rd. Improvement Co. v Town of Newburgh* (6 Misc 2d 1073) are to the contrary, they are disapproved.

It also should be clear from the foregoing that the scope of the automatic stay of CPLR 5519 (a) is restricted to the executory directions of the judgment or order appealed from which command a person to do an act, and that the stay does not extend to matters which are not commanded but which are the sequelae of granting or denying relief. Thus, where an order merely denies a motion for summary judgment or to strike the case from the calendar, an appeal from that order will not stay a trial which is a consequence of the order but is not directed by it *(see, e. g., Shorten v City of White Plains,* 216 AD2d 344; *Baker v Board of Educ.,* 152 AD2d 1014; *Walker v Delaware &*

*Hudson R. R. Co.,* 120 AD2d 919; *see also, Bloomfield Bldg. Wreckers v City of Troy,* 41 NY2d 1102; *Spillman v City of Rochester,* 132 AD2d 1008). Future acts which are not expressly directed by the order or judgment appealed from may nevertheless have the effect of changing the status quo and thereby defeating or impairing the efficacy of the order which will determine the appeal. In such cases, no automatic stay is available but the aggrieved party may apply to the appellate court to exercise either its inherent power to grant a stay of such acts in aid of its appellate jurisdiction *(see, Matter of Schneider v Aulisi,* 307 NY 376, 383-384; Cohen & Karger, Powers of New York Court of Appeals § 183, at 682-683, and cases therein cited at n 31; *see also, Scripps-Howard Radio v Commission,* 316 US 4, 9-10; *In re McKenzie,* 180 US 536, 551; *Tribal Vil. of Akutan v Hodel,* 859 F2d 662, 663; *Plomb Tool Co. v Fayette R. Plumb, Inc.,* 171 F2d 945, 947; *cf.,* Fed Rules Civ Pro, rule 62 [g]; 7 Moore's Fed Prac ¶ 62.09 [1] [2d ed]) or, in any case specified in CPLR 6301, its power to grant, limit, or modify a preliminary injunction or temporary restraining order pursuant to CPLR 5518 *(see,* 7 Weinstein-Korn-Miller, NY Civ Prac ¶ ¶ 5518.01-5518.03). In declaratory judgment actions in which such a discretionary stay or injunction commanding or prohibiting specified acts might prove insufficient to maintain the status quo, the appellant may apply to this Court, in extraordinary circumstances, to exercise its inherent power to suspend the operation of the declaratory judgment itself pending the appeal *(cf., Genet v President of Del. & Hudson Canal Co.,* 113 NY 472, 475).

With these principles in mind, we now turn to an examination of the decretal provisions of the short-form decision and order which is the subject of the present motion. The first decretal paragraph grants partial summary judgment to the plaintiff-petitioner Lee Pokoik on his cause of action for a judgment declaring the invalidity of a waiver of the requirement of Public Health Law § 1340 (2) (a) that the defendant-respondent Village, as the proprietor of a bathing beach, provide toilet facilities. The second dismisses the hybrid action and proceeding against three parties. The third grants in part and denies in part a cross motion for summary judgment by the Village. The fourth directs counsel, within 30 days of the date of the order, to submit memoranda of law as to a specified issue. The fifth is contained in the body of the decision and it directs the Village to furnish the court, *inter alia,* with a map or survey of the Village and with copies of the records of beach monitors for a certain time period.

The first three of these decretal provisions, which either grant or deny motions or dismiss the suit against certain parties but contain no direction that a party perform an act, are self-executing and were effective immediately upon the promulgation of the order. If the first decretal paragraph were to be considered a judgment declaring that the waiver in question was invalid, the same analysis would apply. Since these provisions are executed and not executory, they were not stayed pursuant to CPLR 5519 (a) (1) and the motion insofar as it is to vacate a purported stay of enforcement of them is denied as unnecessary.

The remaining decretal provisions of the order direct counsel to file memoranda of law and certain other documents with the court. When the order was made these provisions were executory. To the extent that they were still executory when the Village served its notice of appeal, any efforts to compel compliance with them were automatically stayed pursuant to CPLR 5519 (a) (1). The present motion seeks, in part, to vacate this stay pursuant to CPLR 5519 (c).

Under the circumstances of this case, the branch of the motion which is to vacate the automatic stay of the executory directions in the order is granted, the branch which seeks vacatur of a stay of the executed provisions of the order is denied as unnecessary, and the branches of the motion which seek, in effect, to fix a date certain for the perfection of the appeal and cross appeal and a preference are denied. Resolution of this matter has been too long delayed. Full review of all the issues presented may be had on appeal from a final judgment (CPLR 5501 [a]).

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and THOMPSON, JJ., concur.

Ordered that those branches of the motion which are, in effect, to fix dates certain for the perfection of the appeal and cross appeal and for a preference are denied; and it is further,

Ordered that the branch of the motion which is to vacate an automatic stay is granted to the extent that the stay of the direction to the parties to furnish memoranda of law and the direction that the Village of Ocean Beach furnish the Supreme Court with a specified survey, map, or diagram, and with records of beach monitors is vacated, and the remainder of that branch of the motion is denied as unnecessary; and it is further,

Ordered that the time of the parties to comply with the portions of the order appealed and cross-appealed from specified in the foregoing decretal paragraph is extended until 30 days from the date of this order.