OPINION OF THE COURT
George B. Ceresia, Jr., J.
*190 The complainant has filed three complaints with the New York State Division of Human Rights in connection with claims of discrimination in housing between 1987 and 1994. Hearings on the complaints have been conducted on 15 different hearing dates over a period of six years. The parties are still on the direct examination of the first witness, the complainant. Respondent City of Amsterdam made a motion for summary judgment dated May 27, 1997 seeking dismissal of the third of the three complaints now pending. The respondent Amsterdam Housing Authority made a cross motion for summary judgment for the same relief. On September 16, 1997 the Administrative Law Judge presiding over the proceedings issued an oral decision denying the motion and cross motion for summary judgment. The City of Amsterdam immediately served upon the New York State Division of Human Rights a notice of appeal to the Supreme Court, Appellate Division. Respondent Amsterdam Housing Authority has likewise prepared and served a notice of appeal. Amsterdam Housing Authority has taken the position that the taking of the appeal has stayed the continuance of the hearings pursuant to CPLR 5519 (a). In accordance with this position, Amsterdam Housing Authority sought and obtained an order to show cause from Supreme Court dated September 17, 1997, returnable September 24, 1997, seeking a permanent stay of the hearings until the appeals are determined. The order to show cause contained a temporary stay of the hearings, which were scheduled to resume on September 22, 1997.
The undersigned, by order dated September 19, 1997, returnable September 22, 1997, directed respondents to show cause why the temporary stay should not be vacated.
Under Executive Law § 298 the sole means of obtaining judicial review of an order of the Commissioner is through commencement of a special proceeding in Supreme Court. The proceeding may thereafter be transferred to the Appellate Division (see, Executive Law § 298). There is no provision in Executive Law § 298 for review of an order of a Hearing Examiner. In fact, the Hearing Examiner may only prepare a proposed order for presentation to the Commissioner (see, 9 NYCRR 465.15). There is no evidence before the court that the Commissioner issued an order in this matter. It would therefore appear that (1) the order of the Hearing Examiner is not directly reviewable, either by appeal or in a special proceeding; and (2) the filing of a notice of appeal with the Supreme Court, Appellate Division, would not be a proper method of obtaining judicial review of a Commissioner’s order.
*191 Moreover, it is well established that where an order merely denies a motion for summary judgment, an appeal of the order will not stay a trial which is the consequence of the order but is not directed by it (see, Shorten v City of White Plains, 216 AD2d 344, 344-345 [2d Dept 1995]; Baker v Board of Educ., 152 AD2d 1014 [4th Dept 1989]; Walker v Delaware & Hudson R. R. Co., 120 AD2d 919 [3d Dept 1986]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5519:2, at 223-224; see also, Matter of Pokoik v Deptartment of Health Servs., 220 AD2d 13, 15-16 [2d Dept 1996]). Respondents assert that the order appealed from, since it directed the hearings to continue, constituted an executory directive subject to the automatic stay provisions of CPLR 5519 (a) (citing Matter of Pickerell v Town of Huntington, 219 AD2d 24 [2d Dept 1996]). There is in the record a scheduling order dated June 2, 1997 containing the dates on which the hearing shall be conducted. Both notices of appeal filed in this matter indicate that the order appealed from is dated September 16, 1997. A transcript of the oral order of the Administrative Law Judge is not annexed to the moving papers. In Pickerell (supra) the order denying summary judgment also set the matter down for immediate trial on the issue of damages. Respondents maintain that the Administrative Law Judge in her oral order dated September 16, 1997 denying summary judgment directed the hearings to continue. In the court’s view, the instant situation is more analogous to that in Shorten v City of White Plains (supra), where the Court found that the trial was a natural consequence of the order denying summary judgment. In fact, the hearing here had already commenced and was continuing in accordance with a predetermined schedule. The purpose of the automatic stay is to maintain the "status quo” pending the outcome of the appeal (see, State of New York v Town of Haverstraw, 219 AD2d 64, 65 [2d Dept 1996]). The "status quo” is preserved in this instance through the continuation of the hearing as previously scheduled. Viewed from this perspective, the filing of a notice of appeal would not operate to trigger the automatic stay contained in CPLR 5519 (a).
The court finds that the temporary stay contained in the order to show cause dated September 17, 1997 should be vacated.
With respect to the complainant’s demand for an award of costs, reasonable attorney’s fees and sanctions pursuant to 22 NYCRR 130-1.1, "The mere fact that [a party’s] claims may not be meritorious does not mean that the [claim] was frivolous” (Northern Adirondack Cent. School Dist. v La Plante Co., *192 229 AD2d 764, 766 [3d Dept 1996], citing Matter of Gerdts v State of New York, 210 AD2d 645, 649, appeal dismissed 85 NY2d 856, lv denied 85 NY2d 810). In the court’s view, respondent Amsterdam Housing Authority has not exhibited the extreme behavior which courts have traditionally found to merit sanctions (supra). Phrased differently, the court cannot conclude that the instant proceeding was "undertaken primarily * * * to harass or maliciously injure another” (22 NYCRR 130-1.1 [c] [2]; see, McCue v McCue, 225 AD2d 975 [3d Dept 1996]). Costs, attorney’s fees and sanctions will, therefore, be denied.