OPINION OF THE COURT
Kibbie F. Payne, J.
Following a posttrial motion this court granted in part defendant’s motion to set aside the jury’s verdict to the extent *720 of vacating the jury’s award of damages with respect to future medical expenses. The matter was subsequently scheduled for a limited trial to determine the amount of future medical expenses. Counsel appeared in the trial calendar part maintaining that his client was entitled, as a political subdivision of the State, to an automatic stay pursuant to CPLR 5519 (a) (1). Plaintiff did not contest defendant’s status as a State political subdivision but instead maintained that since the order of trial is interlocutory there is no automatic stay.
CPLR 5519 (a) (1) in pertinent part expressly provides:
“Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:
“1. the appellant or moving party is the state or any political subdivision of the state or any officer or agency of the state or of any political subdivision of the state”.
Clearly, a reading of this rule provides that the automatic stay provision is to take effect for all proceedings wherein a party is seeking to enforce a judgment or an order. The issues confronting this court are whether a limited trial on the issue of future medical damages is a proceeding to enforce an order under CPLR 5519 (a) (1) and whether the directive to proceed to trial evokes an automatic stay under the statute. The purpose of the automatic stay provision under CPLR 5519 (a) (1) is to maintain the status quo between the litigants pending the appeal and to prevent one side from benefiting from the order or judgment while the loser appeals (see, State of New York v Town of Haverstraw, 219 AD2d 64, 65; also see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5519:l, at 221).
A trial is not a proceeding to enforce an order. It is rather the process by which a judicial adjudication and disposition is made of all the issues disputed by the litigants. The Appellate Divisions of the Second, Third and Fourth Departments have held that interlocutory orders denying a judgment or denying the striking of a case from the trial calendar do not result in the enforcement of an order or judgment and thus do not evoke the provisions of the automatic stay (see, State of New York v Town of Haverstraw, 219 AD2d 64, supra; Matter of Pokoik v Department of Health Servs., 220 AD2d 13, 15; Shorten v City of White Plains, 216 AD2d 344, 345; Rotondo v Reeves, 192 AD2d 1086; Young v State of New York, 213 AD2d 1084; Baker *721 v Board of Educ., 152 AD2d 1014; Walker v Delaware & Hudson R. R. Co., 120 AD2d 919, 920; see also, Bloomfield Bldg. Wreckers v City of Troy, 41 NY2d 1102, 1103).
In this case a judicial determination of liability and damages has been determined by the trier of fact and postjudgment rulings have been made by this court. The case now is ready for trial on a limited issue for determination of the amount of future medical damages. Plaintiff will not realize any benefit other than a determination of damages by the continuation of these proceedings. Moreover, the ascertainment of the amount of damages will not lead to any detriment to defendant because enforcement procedures are not available to plaintiff against the State or its subdivisions (see, CPLR 5207). This court holds that a trial on damages is not an enforcement proceeding within the meaning of CPLR 5519 (a) (1). The statute in question restrains only proceedings that seek enforcement of a judgment or an order; the automatic stay under CPLR 5519 (a) (1) does not stay all proceedings (Young v State of New York, 213 AD2d 1084, supra; Walker v Delaware & Hudson R. R. Co., 120 AD2d 919, 920, supra; Burlaka v Greece Cent. School Dist., 167 Misc 2d 281). As a result, the automatic stay provisions under this statute are not applicable for a trial determination on the issue of damages pending the appeal from an order.
Notwithstanding this established precedent, the Second Department has held that the service of a notice to appeal from an order directing the parties to proceed to trial on a specific date will immediately activate the automatic stay provisions under CPLR 5519 (a) (1) (see, Matter of Pickerell v Town of Huntington, 219 AD2d 24; Cherry v New York City Hous. Auth., 217 AD2d 641; but cf., Shorten v City of White Plains, 216 AD2d 344 [in holding there was no automatic stay from proceeding to jury selection]). The Appellate Division of the Second Department has distinguished these cases on the grounds that the order directing the matter to proceed to trial constitutes an executory directive subject to the automatic stay provisions of CPLR 5519 (a) (1). This court’s research has failed to reveal that any other Department has followed the Second Department or concurs with the holding in Pickerell. On the contrary, the Fourth Department not only restated the established precedent that the “stay obtained pursuant to CPLR 5519 (a) (1) stays only proceedings to enforce an order, and a trial is not a proceeding to enforce an order” but in the very same decision also expressly declined to follow Matter of Pickerell v Town of Huntington (219 AD2d 24) (Matter of White *722 v City of Jamestown, 242 AD2d 979, 980). A directive to proceed to trial is not an enforcement proceeding nor is such a directive subject to the automatic stay pursuant to CPLR 5519 (a) (1). It is this court’s opinion that the directive ordering counsel to proceed to trial does not result in any enforcement proceeding and, therefore, defendant’s claim of its entitlement to a statutory automatic stay is unwarranted. Thus, the continuation of these proceedings is not subject to the automatic stay provisions of CPLR 5519 (a) (1).
Accordingly, defendant’s objection to the continuation of this matter for a limited trial on damages on the grounds of a presumed mandatory automatic stay is overruled. The parties are, therefore, directed to proceed to trial.