[911 NYS2d 759]

BAYGOLD ASSOCIATES, INC., Plaintiff, v CONGREGATION YETEV LEV OF MONSEY, INC., Defendant.

MONSEY PARK HOME FOR ADULTS, Plaintiff, v ISRAEL ORZEL et al., Defendants.

Supreme Court, Rockland County, August 26, 2010

APPEARANCES OF COUNSEL

*Maizes & Maizes, LLP* (*Michael H. Maizes* of counsel), for Baygold Associates, Inc., plaintiff. *Ostrer Rosenwasser LLP* (*Stewart A. Rosenwasser* of counsel), for Congregation Yetev Lev of Monsey, Inc., defendant. *Kurzmann Law Offices, P.C.* (*Mark J. Kurzmann* of counsel), for Israel Orzel, defendant.

## OPINION OF THE COURT

ALFRED J. WEINER, J.

Motion by Congregation Yetev Lev seeking an order cancelling the notice of pendency filed by plaintiff Baygold Associates, and cross motion by Baygold seeking an order staying the enforcement of the court's March 10, 2010 decision and order (27 Misc 3d 1202[A], 2010 NY Slip Op 50525[U]) and May 3, 2010 judgment and setting a bond in connection with that relief.[1]

It is ordered, that these applications are disposed of as follows: This action arises from a dispute as to the lease of real property situated in Monsey, New York (hereinafter the premises) and the parties' respective rights arising from that lease. The court conducted a trial that culminated in a decision and order dated March 10, 2010 and judgment dated May 3, 2010. On or about May 18, 2010 plaintiffs Baygold and Monsey Park Home for Adults filed a notice of appeal regarding the court's determination.

Yetev Lev's Motion to Cancel the Notice of Pendency

Yetev Lev seeks mandatory cancellation of a notice of pendency filed by Baygold under Rockland County index No. 10723/2007 pursuant to CPLR 6514 (a). In support of its application, Yetev Lev contends that Baygold's notice of pendency prevents it from refinancing and developing the premises, thereby restricting its rights of possession and enjoyment. Yetev

---

1. Baygold's cross motion seeks, in the alternative, a temporary stay of the cancellation of the notice of pendency to afford it an opportunity to apply for and obtain a CPLR 5519 (c) stay from the Appellate Division. The court need not address this relief in light of Baygold's May 21, 2010 application for a stay from the Appellate Division and subsequent denial thereof. (*Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc.*, 2010 NY Slip Op 74471[U] [2d Dept 2010].)

Lev directs the court's attention to language staying the matter contained in Baygold's proposed judgment, which was not signed. Yetev Lev contends that the omission of such language from the judgment ultimately signed by the court constitutes a denial of Baygold's application. Based upon this and the absence of a court-issued stay, Yetev Lev argues that cancellation of the notice of pendency is mandatory under CPLR 6514 (a).[2]

CPLR 6514 (a) provides, in pertinent part: "The court, upon motion of any person aggrieved and upon such notice as it may require, shall direct any county clerk to cancel a notice of pendency . . . if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 5519." "If the plaintiff does take an appeal, the only way for plaintiff to avoid mandatory cancellation is to obtain a stay of the lower court's judgment pursuant to CPLR 5519." (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6514:1; *see also Da Silva v Musso*, 76 NY2d 436 [1990].)

The specific paragraph of CPLR 5519 Baygold seeks to invoke states, in pertinent part:

> "Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where . . .
>
> "the appellant or moving party is in possession or control of real property which the judgment or order directs be conveyed or delivered, and an undertaking in a sum fixed by the court of original instance is given that the appellant or moving party will not commit or suffer to be committed any waste and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the value of the use and occupancy of such property, or the part of it as to which the judgment or order is affirmed, from the taking of the appeal until the delivery of possession of the property" (CPLR 5519 [a] [6]).

Given the nature of the parties' applications and the interplay of the statutory provisions, the court's disposition of Baygold's cross motion for a stay pursuant to CPLR 5519 will consequently determine whether Yetev Lev is entitled to mandatory cancellation of Baygold's notice of pendency under CPLR 6514 (a).

---

2. May 6, 2010 affirmation of Stewart A. Rosenwasser at ¶¶ 8, 10.

Baygold's Cross Motion for a Stay Under CPLR 5519

In response and opposition to Yetev Lev's motion to cancel the notice of pendency, Baygold cross-moves for an order staying enforcement of the court's order and judgment and fixing an undertaking pursuant to CPLR 5519 (a) (6). Baygold contends that it is " 'in possession or control of real property' by virtue of [its] actual possession (via undertenant Orzel), and that the judgment of this court directs, through operation of law, that possession of the premises be delivered."[3]

In opposition to Baygold's cross motion, Yetev Lev posits that there is no language in either the court's March 10, 2010 decision and order or the court's May 3, 2010 judgment directing that the premises "be conveyed or delivered." Yetev Lev opines that since the order and judgment are akin to a declaratory judgment and do not explicitly direct the conveyance or delivery of the premises, Baygold may not seek a stay under CPLR 5519 (a) (6).

> "It also should be clear from the foregoing that the scope of the automatic stay of CPLR 5519 (a) is restricted to the executory directions of the judgment or order appealed from which command a person to do an act, and that the stay does not extend to matters which are not commanded but which are the sequelae of granting or denying relief." (*Matter of Pokoik v Department of Health Servs. of County of Suffolk*, 220 AD2d 13, 15 [2d Dept 1996].)

> "Future acts which are not *expressly* directed by the order or judgment appealed from may nevertheless have the effect of changing the status quo and thereby defeating or impairing the efficacy of the order which will determine the appeal. In such cases, no automatic stay is available but the aggrieved party may apply to the appellate court to exercise either its inherent power to grant a stay of such acts in aid of its appellate jurisdiction . . . ." (*Id.* at 16 [emphasis supplied].)

In its March 10, 2010 decision and order, the court determined that the lease between Monsey Park Hotel, as landlord, and Baygold, as tenant, was not properly renewed in 2005 and, consequently, expired on September 30, 2007. Consistent with this decision and order, the court's May 3, 2010 judgment stated

---

3. May 17, 2010 affirmation of Michael H. Maizes, ¶ 8.

that "Baygold Associates, Inc., has no contractual or possessory interest in the premises . . . besides that arising from [its] month-to-month tenancy." Neither the order nor the judgment expressly directs the conveyance or delivery of the premises. Both the order and judgment establish that the failure to renew the lease between Monsey Park Hotel and Baygold resulted in a month-to-month tenancy, terminable at either party's option.

Based upon the declaratory nature of the court's decision and order and resulting judgment, Baygold's motion for a stay pursuant to CPLR 5519 (a) (6) is denied. Given this determination, Yetev Lev's motion pursuant to CPLR 6514 (a) for an order cancelling the notice of pendency filed by Baygold is granted.