Bianculli v City of New York Off. of Labor Relations (2023 NY Slip Op 02822)

Bianculli v City of New York Off. of Labor Relations

2023 NY Slip Op 02822

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023

Before: Webber, J.P., Kern, Oing, Scarpulla, Rodriguez, JJ. 

Index No. 160234/22 Appeal No. 291 Case No. 2023-00232 

[*1]MargaretAnn Bianculli etc. et al., Plaintiffs-Respondents,
v
The City of New York Office of Labor Relations et al., Defendants-Appellants.

Pillsbury Winthrop Shaw Pittman LLP, New York (James M. Catterson of counsel), for EmblemHealth, Inc., and Group Health Incorporated (GHI), appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chole K. Moon of counsel), for The City of New York Office of Labor Relations and The City of New York, appellants.
Walden Macht & Haran LLP, New York (Jacob S. Gardener of counsel), and Pollack Cohen LLP, New York (Steve Cohen of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered January 11, 2023, which granted plaintiffs' CPLR 6301 motion for an order preliminarily enjoining defendants from charging co-payments to Senior Care health insurance plan beneficiaries, unanimously affirmed, without costs.
This action relates to $15 co-payments charged to beneficiaries of Senior Care, a Medicare supplement plan offered by defendant the City of New York to its current and retired employees and their dependents, partially administered by defendant Group Health Incorporated (GHI), a subsidiary of defendant EmblemHealth, Inc. (together, Emblem).
We decline to disturb the preliminary injunction. Contrary to defendants' contentions, the injunction was prohibitory, not mandatory, and thus, was not subject to a heightened standard. The injunction prohibits defendants from continuing to collect co-payments and does not mandate specific conduct by them (State of New York v Town of Haverstraw, 219 AD2d 64, 65-66 [2d Dept 1996]; see generally Second on Second CafÉ, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 264 [1st Dept 2009]).
Supreme Court properly determined that on this record plaintiffs established a likelihood of success on the merits. The court properly determined that plaintiffs, who are mostly retirees and likely to be on a fixed income, would suffer irreparable harm  delaying or foregoing medical care, and inability to pay certain expenses, including necessities such as utilities  if they were required to continue paying the co-payments pending determination of this action (e.g. LaForest v Former Clean Air Holding Co., Inc., 376 F3d 48, 55-56 [2d Cir 2004]). Although most of the affiants averring to the nature of the harm were not named plaintiffs, defendants do not dispute that plaintiffs are likely to obtain class certification, which is supported by allegations in the complaint, and they do not dispute that the affiants would be members of the class (see id. at 57). Absent any contrary argument by defendants on the motion, it was reasonable for the court to conclude that the affiants were representative of the putative class (see id. at 58).
The court providently determined that the balance of equities favored plaintiffs. Although plaintiffs delayed in filing this action, defendants' showings regarding hardship were conclusory and limited to routine administrative actions, and not as burdensome as the hardship to plaintiffs if the injunction were denied.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023