THOMAS NICKOLOPULOS, Respondent, v. HARRY JAKOFF, Doing Business as the HIGHWAY CUT RATE FOOD CENTER, et al., Defendants, and DUBIN'S BAKERY, INC., Defendant-Appellant.— Appeal from two orders adjudging appellant in contempt for failure to comply with an injunction relating to the use of a driveway, and imposing fines therefor. Order dated December 8, 1942, modified on the law by striking out the third, fourth, fifth and sixth ordering paragraphs; order dated January 14, 1944, modified on the law by striking out the fourth, fifth, and sixth ordering paragraphs. As thus modified, the orders are affirmed, without costs, and the matter is remitted to the Special Term (1) to take proof of whether or not appellant caused the injury to the driveway; and (2) thereafter to fix the amount of the fine. The finding that the use of hand trucks and other commercial use of the driveway are violative of the injunction is affirmed. However, there is no proof in the record that appellant caused the injury to the driveway and curb. Under section 773 of the Judiciary Law, the amount of the fine is dependent upon whether or not respondent suffered an

actual loss due to the violation of the injunction. In this case it would seem that the fine should be either $50, without costs, or $375 (being $250 plus $125 counsel fee). If an actual loss or injury was "produced" to a party to an action by reason of misconduct proved against the offender, then under the statute the fine must be in an amount sufficient to indemnify the aggrieved party. Formerly, the amount of the fine in such case could include costs and expenses (Rev. Stat. of N. Y. [1829], part III, ch. VIII, tit. XIII, § 21); but the present section (Judiciary Law, § 773) does not authorize the inclusion of costs and expenses in the amount of the fine in a case where an actual loss or injury has been produced. (See *Clark* v. *Bininger*, 75 N. Y. 344; *Matter of Morris*, 45 Hun 167.) If no actual loss or injury was produced, the amount of the fine must be $250, plus the complainant's "costs and expenses," which in this case have been stipulated as $125. Such "costs and expenses" do not include the value of an actual loss or injury. Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.