## (March 18, 1976)

■ COUNTY OF ORANGE, Plaintiff, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Defendants.—Application by defendants, pursuant to CPLR 5704 (subd [a]), to vacate or modify a temporary restraining order contained in an order to show cause signed by Mr. Justice Alvin R. Ruskin on March 15, 1976, in the Supreme Court of Orange County. *Per Curiam.* The instant labor dispute falls exclusively within the provisions of the Taylor Law (L 1967, ch 392; Civil Service Law, art 14). Accordingly, the plaintiff's application for injunctive relief is governed by section 211 of the Civil Service Law,

and not by section 807 of the Labor Law (cf. *Rankin v Shanker,* 23 NY2d 111; *City of New York v De Lury,* 23 NY2d 175; *Matter of State of New York v Fuller,* 31 AD2d 71). Although this court, or a Justice thereof, may, under CPLR 5704 (subd [a]), vacate or modify any order of the Supreme Court, or a Justice thereof, granted ex parte, such power will not be lightly exercised in cases such as this. The defendants have availed themselves of the facilities of the judicial process in order to obtain relief from a restraining order which they have disregarded from its very inception. Such conduct is characteristic of an alarming trend, presently gaining in momentum, toward a self-serving treatment of the concept of law and order by litigants who, acting in unison and by sheer force of their numbers, consider themselves collectively immune from any meaningful enforcement of the mandates of our courts. Any indulgence in a perspective of this nature can serve only to frustrate the orderly administration of justice, to which participants on both sides of a justiciable controversy are entitled, and may well lead to a disintegration of the very judicial system under which the defendants seek to have their rights safeguarded. An order, even if erroneous, must be obeyed until it is judicially upset. Moreover, this court does not wish to be made part of any idle ceremony whereby our jurisdiction is invoked, but in which any unfavorable disposition is ignored. The defendants' application is granted only to the extent of deleting decretal provisions (a) through (e) from the order under review and substituting therefor, after the phrase "are hereby enjoined and stayed from:", the following: "engaging in a strike or causing, instigating, encouraging or condoning a strike" (see Civil Service Law, § 210, subd 1). Gulotta, P. J., Hopkins, Martuscello, Latham and Margett, JJ., concur.