■ In the Matter of BOARD OF EDUCATION OF LAKELAND CENTRAL SCHOOL DISTRICT OF SHRUB OAK, Respondent. LAKELAND FEDERATION OF TEACHERS, LOCAL 1760, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, et al., Appellants.—In a proceeding pursuant to section 751 of the Judiciary Law to punish the defendants-appellants for criminal contempt of court, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County, entered October 28, 1977, which, after a hearing, (1) adjudged certain of the appellants guilty of criminal contempt of court in that they willfully failed to obey prior orders of the same court, dated September 7, 1977 and September 16, 1977, respectively, (2) fined the appellant union the sum of $75,000, plus the additional sum of $2,500 per day, computed from the date of the judgment, for each day that its contempt persists, (3) fined certain of the individual appellants the sum of $250 each and (4) ordered the incarceration of certain of the individual appellants for stated periods, ranging from 15 to 30 days. Order and judgment affirmed, with costs. We have considered the claims raised by appellants and find them to be lacking in merit. This strike commenced on September 6, 1977 and is still in progress, thus earning the infamous distinction of being the longest teachers' strike in State history. Moreover, this is not the first time that the appellant union has engaged in an illegal strike (see *Matter of Board of Educ. v Lakeland Federation of Teachers,* 65 Misc 2d 397). As this court had occasion to state in *Yorktown Cent. School Dist. No. 2 v Yorktown Congress of Teachers* (42 AD2d 422, 427): "The Taylor Law, rightly or wrongly, represents the public policy of this State. Its object is to proscribe strikes such as that herein which 'would not only deprive children of their fundamental and statutory right to a basic education—thereby severely handicapping them in their efforts to attain higher education and future employment—but it would also impair their respect for law' *(Rankin v. Shanker,* 23 N Y 2d 111, 118, *supra).* So long as it is the law, no individual or group of individuals, no matter how well motivated, may, by breaking that law and thereafter willfully disobeying a court order to comply with it,

complain if he or they are compelled to suffer the sanctions which in advance of their defiance they knew the law provided." In this regard, we believe that the following language from our more recent decision in *County of Orange v Civil Serv. Employees Assn.* (51 AD2d 1031, 1032), although stated in a different factual context, is applicable here as well: "The[se] defendants have availed themselves of the facilities of the judicial process in order to obtain relief from a restraining order which they have disregarded from its very inception. Such conduct is characteristic of an alarming trend, presently gaining in momentum, toward a self-serving treatment of the concept of law and order by litigants who, acting in unison and by sheer force of their numbers, consider themselves collectively immune from any meaningful enforcement of the mandates of our courts. Any indulgence in a perspective of this nature can serve only to frustrate the orderly administration of justice, to which participants on both sides of a justiciable controversy are entitled, and may well lead to a disintegration of the very judicial system under which the defendants seek to have their rights safeguarded." The conduct of these striking teachers cannot be condoned. Their open and notorious defiance of the statutes of this State and the orders of the courts can only breed contempt for the very cause which they are attempting to serve. The teachers complain that they are being made the sacrificial lambs in a taxpayers' revolt. We reject that characterization. Moreover, the teaching profession will never regain the position of high standing and regard which it formerly occupied in our communities if its members continue to disregard the high standards of conduct and morality properly expected of them and place their own self-interest above the interests of the children entrusted to their care. In short, the dilemma in which these teachers now find themselves is of their own making. They will only further erode the respect, and hence the support, of parents and taxpayers by their continuing disrespect of the law and the courts. Gulotta, P. J., Hopkins, Latham and Cohalan, JJ., concur.