■ HARDWOOD DIMENSION & MOULDINGS, INC., Respondent-Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants-Respondents.—In an action for a permanent injunction, defendants appeal from an order of the Supreme Court, Queens County, dated July 16, 1979, which, following a hearing held pursuant to a prior order of the same court dated March 13, 1979 holding defendants in contempt, directed them to pay a fine to plaintiff in the amount of $18,981.50. Plaintiff cross-appeals from so much of the same order as awarded it allegedly inadequate "damages" and failed to include its legal costs and expenses. Order reversed, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. Defendants' action in terminating electrical service to plaintiff's plant was in direct violation of the mandate of the injunction. The arguments offered by defendants are without merit. Accordingly, the finding by Special Term that they were in contempt of the injunction was proper.* However, the manner in which the fine was deter-

---

* We have reviewed the nonfinal order of contempt and directing a hearing as to damages upon the appeal from the order assessing the fine (see CPLR 5501, subd [a], par 1).

mined was improper. The award of a fine in a civil contempt matter where there is actual damage is limited to the actual loss or injury produced by reason of the misconduct of the offending party (Judiciary Law, § 773; *State of New York v Unique Ideas*, 44 NY2d 345; *Sony Corp. of Amer. v Stone Appliance Corp.*, 47 AD2d 822). In the instant matter, Special Term found that defendants were ready, willing and able to restore power to plaintiff's plant on January 11, 1979, three days after it was disconnected. Thereafter, plaintiff refused to let defendants comply with the court's order to restore power until March 5, 1979, some two months later. The court stated that "A defendant should not be charged for losses resulting from his actions which with a reasonable degree of prudence, plaintiff could have averted." We agree, but find that in its assessment of damages, Special Term permitted recovery of certain items which were the result of plaintiff being without regular electrical power until March 5, such as defective merchandise returned over a two-month period, the cost of recharging a fire extinguisher which was used to put out a fire in the generator on the last day it was in use, electrical work done in anticipation of possible future disconnection, and fuel bills for the generator for nearly an entire month's use. It was improper to award damages for any loss which could have been prevented had defendants been permitted to restore service on January 11. Recovery under section 773 of the Judiciary Law is statutory and must be limited to those actual losses which were the direct result of defendants' contemptuous actions. Accordingly, the matter is remitted to Special Term for a further hearing to determine which losses were directly attributable to defendants' termination of service from January 8 to January 11. We note that Special Term was correct in denying legal costs and expenses to plaintiff. Such items are recoverable only in those cases where there has been no actual damage. (See Judiciary Law, § 773; *Nickolopulos v Janoff*, 268 App Div 829; *Matter of Rothko*, 84 Misc 2d 830.) Gulotta, J. P., Margett, O'Connor and Weinstein, JJ., concur.