■ In the Matter of PAUL RUBIN et al., Individually and as Officers of the Plainview-Old Bethpage Congress of Teachers, NYEA/NEA, et al., Respondents. PLAINVIEW-OLD BETHPAGE CONGRESS OF TEACHERS, NYEA/NEA, et al., Appellants. — Appeals from (1) an order of the Supreme Court, Nassau County (Velsor, J.), dated April 8, 1982, which, *inter alia,* adjudged appellants guilty of criminal contempt of court in that they willfully disobeyed prior orders of the

court, fined appellants Plainview-Old Bethpage Congress of Teachers and Plainview-Old Bethpage Congress of Teachers-Clerical Unit $50,000 plus $5,000 per day for each day said willful contempt of court continued after November 2, 1981, and denied appellants' cross motion to dismiss the proceeding; and (2) an order of the same court dated May 19, 1982, which, *inter alia,* denied the appellants' motion to reargue that portion of the order imposing a prospective fine and adjudged the appellant unions guilty of criminal contempt for engaging in a strike on days subsequent to November 2, 1981. ¶ Order dated April 8, 1982, affirmed. ¶ Appeal from so much of the order dated May 19, 1982 as denied reargument dismissed. No appeal lies from an order denying reargument. Order dated May 19, 1982 otherwise affirmed. ¶ Respondent is awarded one bill of costs. ¶ Imposition of a prospective fine for each and every day that a union disobeys a court order and violates the Taylor Act (Civil Service Law, art 14) is a sanction expressly authorized by statute (Judiciary Law, § 751, subd 2; *Matter of Board of Educ. [Lakeland Federation of Teachers],* 59 AD2d 900, mot for lv to app dsmd 43 NY2d 950). The fact that the strike had ended when the fine was imposed and, therefore, could not have a deterrent effect on the unions is not relevant. Our concern is with a criminal contempt, which is designed to compel respect for judicial mandates, and the penalty imposed is punitive in nature (see *Matter of McCormick v Axelrod,* 59 NY2d 574, 583). ¶ Although the fine imposed is substantial, it is well justified given the willful disobedience of three court orders (see *County of Rockland v Civil Serv. Employees Assn.,* 88 AD2d 924, mot for lv to app dsmd 57 NY2d 774, mot to dismiss app den 59 NY2d 1025). The Board of Education's alleged insistence that the teachers waive their right to full pay while under suspension did not constitute "extreme provocation" (Judiciary Law, § 751, subd 2, par [a]) for the unions' acts, as such a provision may properly be a term of a negotiated agreement (see *Matter of Board of Educ. v Nyquist,* 48 NY2d 97). ¶ Finally, there was no error in denying the motion to quash a subpoena duces tecum and compelling a union president to identify certain documents. An agent or officer of an organization cannot invoke the privilege against self incrimination and decline to produce records and documents of the organization over which he had custody in a representative capacity, even if the contents of the documents would personally incriminate him (see *United States v White,* 322 US 694, 698-699; *State of New York v Carey Resources,* 97 AD2d 508). We note that the act of producing the documents did not involve any risk of testimonial self incrimination (cf. *United States v Doe,* 465 US ___, 104 S Ct 1237). Titone, J. P., Rubin, Boyers and Eiber, JJ., concur.