■ In the Matter of RABBI RAPHAEL SAFFRA, Respondent, v ROCKWOOD PARK JEWISH CENTER, INC., Appellant. [658 NYS2d 43] —In a proceeding pursuant to CPLR article 75 to compel arbitration of a controversy relating to the termination of Rabbi Raphael Saffra's employment contract, the Rockwood Park Jewish Center, Inc., appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (Golar, J.), dated July 9, 1996, which, inter alia, (1) granted his motion to preliminarily enjoin the appellant from terminating his employment, and (2) directed the appellant to continue paying his salary and benefits.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the proceeding is dismissed.

The clear and unambiguous terms of the petitioner's employment contract did not provide for employment beyond June 30, 1996 (see generally, Kupperman v Congregation Nusach Sfard, 39 Misc 2d 107, 112 [simple employment contract is not an ecclesiastical matter, but "mundane" document properly to be construed by the courts]). Thereafter, the contract expired by its own terms. There being no arbitrable controversy regarding the termination of the petitioner's employment, and the parties having been compelled to arbitrate their other controversy by a previous order of the Supreme Court, Queens County, dated April 23, 1996, the order appealed from is reversed insofar as appealed from, the motion for a preliminary injunction is denied, and the proceeding is dismissed (see generally, Matter of Board of Educ. [Poughkeepsie Pub. School Teachers Assn.], 44 AD2d 598, 599; cf., Matter of Board of Educ. [Malone Cent. Teachers Assn.], 53 AD2d 417; Matter of Transpacific Transp. Corp. [Sirena Shipping Co.], 9 AD2d 316, affd 8 NY2d 1048). The petitioner's argument based on Religious Corporation Law § 200 is unpersuasive. While the actions of the Board of Trustees (hereinafter the Board) indicated its desire not to

continue the employment of the petitioner, it did not affirmatively terminate his employment. The petitioner's termination occurred solely because the contract expired. Thus, the Board did not usurp the authority of the congregation members.

Finally, contrary to the petitioner's contention, our prior order dated September 18, 1996, denying the appellant's motion to vacate the preliminary injunction pending the determination of this appeal is not the "law of the case". The denial of interim relief in this case was to preserve the status quo pending a considered analysis of the issues on appeal and did not comprise a determination by this Court on the merits (*see, Mulder v Donaldson, Lufkin & Jenrette*, 224 AD2d 125, 131; *Locilento v Coleman Catholic High School*, 134 AD2d 39, 42; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5518:1, at 215; 1 Newman, New York Appellate Practice § 4.17 [1], at 4-105). Rosenblatt, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.