■ In the Matter of RAPHAEL SAFFRA, Respondent, v ROCK-WOOD PARK JEWISH CENTER, INC., Appellant. [671 NYS2d 668] —In a proceeding pursuant to CPLR article 75 to compel arbitration, Rockwood Park Jewish Center, Inc., appeals from an order of the Supreme Court, Queens County (Golar, J.), dated April 16, 1997, which, after a hearing, granted the respondent's motion to hold it in civil contempt of an order of the same court, dated July 9, 1996, and directed it to pay a fine to the plaintiff in the total amount of $24,010.41 ($3,816.36 in actual damages, $19,484 in attorneys' fees, and $710.05 in "expenses").

Ordered that the order is modified by deleting the provisions thereof granting attorneys' fees of $19,484 and "expenses" of $710.05; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court's direction to the appellant in the order dated July 9, 1996, to "continue paying" the respondent's salary and benefits pending a final determination of issues regarding his continued employment clearly expressed "an unequivocal mandate" (*Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233; *Matter of McCormick v Axelrod,* 59 NY2d 574; *see also, Periera v Periera,* 35 NY2d 301, 308) which the appellant disobeyed. Notwithstanding that the order dated July 9, 1996, was reversed on appeal (*see, Matter of Saffra v Rockwood Park Jewish Ctr.,* 239 AD2d 507), the Supreme Court properly determined that the appellant's partial withholding of payment from the respondent pending the outcome of the appeal constituted contempt (*see, Kamphf v Worth,* 108 AD2d 841; *State of New York v Congress of Racial Equality [C.O.R.E.],* 92 AD2d 815; *County of Orange v Civil Serv. Empls. Assn.,* 51 AD2d 1031; *Wilcox v Harris,* 59 How Prac 262).

However, the Supreme Court erred in granting attorneys' fees and expenses pursuant to Judiciary Law § 773, since it awarded actual damages (*see, Ellenberg v Brach,* 88 AD2d 899; *Hardwood Dimension & Mouldings v Consolidated Edison Co.,*

77 AD2d 644; *Nickolopulos v Janoff,* 268 App Div 829, 830). Pizzuto, J. P., Joy, Friedmann and Florio, JJ., concur.