■ In the Matter of KAR-MCVEIGH, LLC, Respondent-Appellant, v ZONING BOARD OF APPEALS OF TOWN OF RIVERHEAD et al., Appellants-Respondents. [941 NYS2d 170]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Riverhead dated August 27, 2009, which, after a hearing, dismissed the petitioner/plaintiff's application for an interpretation of the zoning ordinance and to review determinations of the Director of Planning of the Town of Riverhead that the construction of a temporary tent and barn for use as catering facilities on the petitioner/plaintiff's property constituted a physical extension of a legal preexisting nonconforming use that required a special permit, and action, among other things, to recover damages for a violation of constitutional rights under color of state law and for a judgment declaring that the construction of the proposed temporary tent and barn for use as catering facilities does not constitute a physical extension of a legal preexisting nonconforming use, the respondents/defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 20, 2010, as granted those branches of the petitioner/plaintiff's motion which, upon their default in serving an answer and the administrative return, as directed in an order of the same court dated September 7, 2010, were for leave to enter a judgment on the petition/complaint annulling their determinations, on the issue of liability on the cause of action to recover damages for a violation of constitutional rights under color of state law, declaring that the structures sought to be erected by the petitioner/plaintiff are permitted uses accessory to the permitted preexisting, nonconforming uses and do not require special use permits, directing them to process the petitioner/plaintiff's applications for site-plan review by a date certain, and permanently enjoining them from delaying and interfering with the review and processing of those applications, and the petitioner/plaintiff cross-appeals, as limited by its brief, from so much of the same order dated December 20, 2010, as denied that branch of its motion which was for an inquest on the issue of damages on the cause of action to recover damages for a violation of constitutional rights under color of state law.

Ordered that on the Court's own motion, the notice of appeal and the notice of cross appeal from the order dated December

20, 2010, are deemed to be applications for leave to appeal and cross-appeal, respectively, and leave to appeal and cross-appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated December 20, 2010, is reversed insofar as appealed from, on the law, those branches of the petitioner/plaintiff's motion which, upon the respondents/defendants' default in serving and filing an answer and the administrative return, were for leave to enter a judgment on the petition/complaint annulling the respondents/defendants' determinations, on the issue of liability on the cause of action to recover damages for the violation of constitutional rights under color of state law, declaring that the structures sought to be erected by the petitioner/plaintiff are permitted uses accessory to the permitted preexisting, nonconforming uses and do not require special use permits, directing the respondents/defendants to process the petitioner/plaintiff's applications for site-plan review by a date certain, and permanently enjoining the respondents/defendants from delaying and interfering with the review of those applications are denied, and the respondents/defendants' time to comply with the order dated September 7, 2010, is extended to 10 days from the date of service upon them of this decision and order; and it is further,

Ordered that the order dated December 20, 2010, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents/defendants.

In an order dated September 7, 2010, the Supreme Court denied the respondents/defendants' motion pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition/complaint, and directed them to serve and file an answer to the petition/complaint and the administrative return within 10 days of the date of that order, and to include certain specified documents in the return. Rather than serving and filing an answer or a return within that period of time, the respondents/defendants appealed from the order denying their motion within the same period of time. The petitioner/plaintiff then moved, inter alia, for the entry of a judgment on the petition/complaint, among other things, annulling the respondents/defendants' determinations upon their alleged default in serving and filing an answer and return pursuant to the order dated September 7, 2010. The Supreme Court, inter alia, granted those branches of the motion which were for leave to enter a default judgment.

The service of a notice of appeal or an affidavit of intention to move for permission to appeal, by the State, a political subdivision thereof, or their officers or agencies, has the effect of

automatically staying all proceedings to enforce executory directives in the order or judgment appealed from, pending the appeal or determination on the motion for permission to appeal (*see* CPLR 5519 [a] [1]; *Matter of Pokoik v Department of Health Servs. of County of Suffolk*, 220 AD2d 13 [1996]; *Matter of Pickerell v Town of Huntington*, 219 AD2d 24, 25 [1996]). "[T]he automatic stay of CPLR 5519 (a) is restricted to the executory directions of the judgment or order appealed from which command a person to do an act, and . . . does not extend to matters which are not commanded but which are the sequelae of granting or denying relief" (*Matter of Pokoik v Department of Health Servs. of County of Suffolk*, 220 AD2d at 15). Here, the portion of the order dated September 7, 2010, which directed the respondents/defendants to serve and file an answer and return within 10 days of the date of that order, constituted an executory directive subject to the automatic stay provisions of CPLR 5519 (a) (1) (*see Matter of Pickerell v Town of Huntington*, 219 AD2d at 25; *see also Matter of Pokoik v Department of Health Servs. of County of Suffolk*, 220 AD2d at 17; *cf. Shorten v City of White Plains*, 216 AD2d 344 [1995]). Accordingly, once the respondents/defendants served and filed a notice of appeal from the order dated September 7, 2010, their failure to comply with the provisions relating to the service and filing of the answer and return did not constitute a default, and the Supreme Court erred in granting those branches of the petitioner/plaintiff's motion which were for leave to enter a judgment on the petition/complaint annulling the respondents/defendants' determinations, on the issue of liability on the cause of action to recover damages for violation of constitutional rights under color of state law, and for declaratory and injunctive relief.

Additionally, since the respondents/defendants were not in default, the Supreme Court properly denied that branch of the petitioner/plaintiff's motion which was for an inquest on the issue of damages on the cause of action to recover damages for violation of constitutional rights under color of state of law. Skelos, J.P., Dickerson, Belen and Miller, JJ., concur.