■ In the Matter of VILLAGE OF CHESTNUT RIDGE et al., Respondents, v TOWN OF RAMAPO et al., Appellants, et al., Respondents/Defendants. [955 NYS2d 60]—

The facts of this case are addressed in our decision and order on the companion appeal from the judgment entered March 1, 2010, in this proceeding (*see Matter of Village of Chestnut Ridge v Town of Ramapo* 99 AD3d 918 [2012] [decided herewith]). An issue in the companion appeal is whether the Planning Board of the Town of Ramapo (hereinafter the Town Planning Board) properly issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL article 8; hereinafter SEQRA) on November 30, 2004, with respect to a site plan for 60 units of adult student housing at a location known as the Nike Site. The judgment entered March 1, 2010, annulled that determination, and remitted the matter to the Town Planning Board for preparation and circulation of an environmental impact statement. The judgment also extended the expiration date of a certain temporary restraining order "until final determination of this matter, subject to further order of this Court or the Appellate Division in the event of an appeal." By the terms of the subject temporary restraining order, as amended in 2009, the Town of Ramapo, and certain of its officers and agencies (hereinafter collectively the Town parties), were enjoined from issuing any permits or certificates of occupancy for any structure erected on the Nike Site, with the exception of 16 units in which occupancy was permitted during the pendency of the litigation.

On the instant appeal, the Town parties contend that the

Supreme Court erred in holding them in contempt of the judgment entered March 1, 2010. This Court's modification of that judgment on the companion appeal does not render the instant appeal academic, since a party may be adjudicated in contempt of a court mandate which is later overturned on appeal (*see Matter of Saffra v Rockwood Park Jewish Ctr.*, 249 AD2d 480 [1998]).

"To sustain a civil contempt, a lawful judicial order expressing an unequivocal mandate must have been in effect and disobeyed, . . . the party to be held in contempt must have had knowledge of the order, although it is not necessary that the order actually have been served upon the party[, and] prejudice to the rights of a party to the litigation must be demonstrated" (*McCain v Dinkins*, 84 NY2d 216, 226 [1994] [citations omitted]). Pursuant to CPLR 5519 (a) (1), the Town and the Town Planning Board were automatically entitled to a statutory stay pending appeal of enforcement of any executory provisions of the judgment (*see Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead*, 93 AD3d 797, 799 [2012]; *Matter of Pokoik v Department of Health Servs. of County of Suffolk*, 220 AD2d 13, 14 [1996]). However, the statutory stay did not apply to prohibitory provisions in the judgment, which barred the Town and the Town Planning Board from acting (*see State of New York v Town of Haverstraw*, 219 AD2d 64, 65 [1996]).

The provision of the judgment which directed the Town Planning Board to prepare an environmental impact statement was executory in nature and, therefore, subject to the statutory stay pursuant to CPLR 5519 (a) (1). However, the extension of the temporary restraining order, as amended, which enjoined the Town from issuing permits and certificates of occupancy with respect to more than 16 units at the Nike Site was prohibitory in nature and, therefore, not subject to the statutory stay pursuant to CPLR 5519 (a) (1).

By the terms of the judgment, the prohibitory mandate of the temporary restraining order was extended "until final determination of this matter," as set forth in the decretal paragraph remitting the "matter" to the Town Planning Board for the preparation of an environmental impact statement. It is undisputed that the Town Planning Board did not prepare or circulate an environmental impact statement and, in March 2011, the Town Building Inspector issued a temporary certificate of occupancy for a number of units in excess of the 16 units authorized at the Nike Site, thus violating the unequivocal prohibitory mandate of the judgment.

Accordingly, the Supreme Court properly held the Town par-

ties in civil contempt, and properly imposed the monetary sanctions identified in the second decretal paragraph of the order appealed from, which were equal to the attorney's fee, costs, and expenses incurred by the petitioners/plaintiffs in moving to hold the Town parties in contempt. We remit the matter to the Supreme Court, Westchester County, for a hearing to determine the applicable amount of the monetary sanctions. We modify the order to delete the fourth, fifth, and sixth decretal paragraphs thereof, which, inter alia, directed the Town parties to pay a fine in the sum of $250 per day until they purged their contempt, since those decretal paragraphs inequitably affect the interests of residents at the Nike Site, who have not been joined as parties to the proceeding (*see* CPLR 1001 [a]; *Town of Brookhaven v Chun Enters.*, 71 NY2d 953, 954 [1988]). Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.