Lueker v Lueker (2018 NY Slip Op 07421)





Lueker v Lueker


2018 NY Slip Op 07421


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2015-00532
 (Index No. 29138/05)

[*1]Stephen Lueker, appellant, 
v
Donna DeWitt Lueker, respondent.


Stephen Lueker, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Rachel Adams, J.), dated December 8, 2014. The order, insofar as appealed from, granted that branch of the defendant's motion which was to hold the plaintiff in contempt for his failure to comply with an order of the same court (Charmaine E. Henderson, Ct. Atty. Ref.) dated July 19, 2013, and directed his incarceration unless he posted a bond or cash undertaking in the sum of $150,000.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to hold the plaintiff in contempt is denied.
In an order dated July 19, 2013 (hereinafter the July 2013 order), the Supreme Court granted the defendant's motion to require the plaintiff to post a bond in the amount of $150,000, as security for the payment of the parties' daughter's private school tuition, to ensure his compliance with the parties' judgment of divorce. The July 2013 order was later modified by this Court, and the provision thereof requiring the plaintiff to post a bond was deleted (see Lueker v Lueker, 132 AD3d 739, 741). However, before this Court modified the July 2013 order, the Supreme Court, in the order now appealed from, granted that branch of the defendant's motion which was to hold the plaintiff in contempt of court for failing to comply with the order by not posting the bond.
The order appealed from, holding the father in contempt for failing to comply with the July 2013 order by not posting a bond, is not subject to reversal based on this Court's modification of the July 2013 order by deleting the requirement that the plaintiff post a bond, as "[o]bedience to a lawful order of the court is required even if the order is thereafter held erroneous or improvidently made or granted by the court under misapprehension or mistake" (Department of Hous. Preserv. & Dev. of City of New York v Mill Riv. Realty, 169 AD2d 665, 670, affd 82 NY2d 794 [internal quotation marks omitted]; see Matter of Saffra v Rockwood Park Jewish Ctr., 249 AD2d 480). Moreover, this Court's modification of the July 2013 order "does not render the instant appeal academic, since a party may be adjudicated in contempt of a court mandate which is later overturned on appeal" (Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d 928, 930).
Nevertheless, we reverse the order appealed from, since, in response to the defendant's showing that she was prejudiced by the plaintiff's knowing disobedience of a lawful order of the court which expressed an unequivocal mandate, the plaintiff proffered credible evidence of his inability to obtain the required bond. Inability to comply with an order is a defense to both civil and criminal contempt (see El-Dehdan v El-Dehdan, 26 NY3d 19, 35; Matter of Powers v [*2]Powers, 86 NY2d 63, 70; Gomes v Gomes, 106 AD3d 868, 869; Yeager v Yaeger, 38 AD3d 534; Ferraro v Ferraro, 272 AD2d 510, 512).
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court